[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12291
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 20, 2008
THOMAS K. KAHN
CLERK

Agency Nos. A76-242-833,
A78-353-344

DAVID NOROUZI,
a.k.a. Nourouzzi, David, a.k.a. Norouzzi, Daviv,
JILA SARDARI AMIDABADI,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 20, 2008)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioners David Norouzi, who is a native of Iran and a citizen of France,

and Jila Sardari-Amidabadi, who is a native and citizen of Iran, seek review of the Board of Immigration Appeals's (BIA) decision, affirming the immigration judge's ("IJ") denial of their application for withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). In this petition, Norouzi and Sardari-Amidabadi (collectively "petitioners") argue that they are entitled to withholding of removal and CAT relief because the IJ found their testimony credible, the Government failed to present any evidence that they did not possess a credible fear of persecution, and their persecution was based on their association with Abbas.[1]

"[We] review[] administrative fact findings under the highly deferential substantial evidence test," which requires that we review the record evidence in the light most favorable to the agency's decision. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). "To conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Niftaliev v. U.S. Att'y Gen.*, 504 F.3d 1211, 1215 (11th Cir. 2007) (quoting *Ruiz v. Gonzalez*, 479 F.3d 762, 765 (11th Cir. 2007)). We only review the BIA's decision, unless the BIA expressly adopted the IJ's decision. *Ruiz v.*

---

[1]Norouzi did not oppose the Government's motion to pretermit his asylum application, and Sardari-Amidabadi abandoned her asylum claim on appeal.

2

*Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).

We lack jurisdiction to review claims that were not raised before the BIA, even if the BIA *sua sponte* considered the claim. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006); *see also Fernandez-Bernal v. Att'y Gen. Of U.S.*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). We have jurisdiction, however, if a petitioner asserts his "core issue" before the BIA. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008).

## I. *Withholding of removal*

An applicant seeking withholding of removal must establish that her "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (quoted in *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006)). The burden of proof is on the alien to show that it is "more likely than not" that, upon return to her country, she will be persecuted. *Tan*, 446 F.3d at 1375. An individual's testimony, "'if credible, may be sufficient to sustain the burden of proof without corroboration.'" *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (quoting 8 C.F.R. § 208.16(b)). An alien must demonstrate a nexus between her past persecution and one of the protected grounds. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004).

We conclude from the record that substantial evidence supports the BIA's

3

conclusion that the petitioners failed to establish past persecution, or a well-founded fear of future persecution, as their testimony established that there was not a nexus between their persecution and a protected ground.

## II. CAT

We lack jurisdiction to consider the petitioners' CAT claim, as they did not present it before the BIA. *See Amaya-Artunduaga*, 463 F.3d at 1250-51.

**PETITION DENIED IN PART; DISMISSED IN PART.**