[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11117
Non-Argument Calendar

_____

Agency Nos. A77-754-922
A77-754-918


ANTONETA KOPALI,
LINDITA KOPALI,

                                                                Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 18, 2009)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Antoneta and Lindita Kopali, natives and citizens of Albania appearing pro se, petition for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied the Kopalis' motions to reopen their removal proceedings, 8 C.F.R. § 1003.23(b)(3).[1] No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well").[2] And we review the BIA's denial of a motion to reopen for an abuse of discretion. Gbaya v. U.S. Attorney Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). "In this particular area, the BIA's discretion is quite broad." Id. (citation omitted); 8 C.F.R. § 1003.2(a) ("The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). Our review of a denial of a motion to reopen "is limited to determining whether there has been an exercise of administrative

_____

[1] The Kopalis are sisters; though they filed separate motions to reopen, they filed a joint petition for review in this Court.

[2] In addition, we liberally construe pro se briefs. Lorisme v. INS, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

2

discretion and whether the [manner] of exercise has been arbitrary or capricious."

Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotation omitted). Motions to reopen generally are disfavored because "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 112 S.Ct. 719, 724-25 (1992).

A party may file only one motion to reopen which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative decision; but this time limit does not apply if the motion is based on changed circumstances in the country of the movant's nationality. 8 C.F.R. § 1003.2(c)(2), (3)(ii). To meet this exception, a movant must offer material evidence that "was not available and could not have been discovered or presented at the previous hearing." § 1003.2(c)(3)(ii).

The Kopalis originally filed separate applications for asylum and withholding of removal, claiming persecution based, in part, on their Christian religion. But the Kopalis withdrew these applications, and the IJ granted the Kopalis' applications for voluntary departure. The Kopalis filed the instant motions to reopen over three years after the IJ granted their applications for

3

voluntary departure, arguing that ineffective assistance of counsel and changed circumstances in Albania justified the reopening of their removal proceedings.

The IJ denied the motions and noted that, on their ineffective assistance of counsel claim, the Kopalis had not complied with Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). The BIA affirmed, noting that country conditions in Albania -- specifically, the treatment of Christians -- had changed since the Kopalis left in 2001, but that the changes were not significant enough to justify the reopening of their removal proceedings. About their ineffective assistance of counsel claim, the BIA concluded that the Kopalis had not complied with the Lozada requirements and had not shown actual prejudice.

On appeal, the Kopalis argue that they were prejudiced by their counsel's failure to request a continuance in their removal proceedings based on Antoneta's breast cancer diagnosis and that their counsel failed to explain their available options at the removal hearing.[3] An alien may move to reopen her removal order on the basis of ineffective assistance of counsel. Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1273 (11th Cir. 2005). But the BIA has discretion to deny a

---

[3]We reject the government's jurisdictional argument that the Kopalis failed to exhaust their administrative remedies on this claim. The Kopalis raised the ineffective assistance of counsel issue in their notices of appeal to the BIA. See Montano Cisneros v. U.S. Attorney Gen., 514 F.3d 1224, 1229 n.3 (11th Cir. 2008) (the jurisdictional bar only applies if petitioner fails to raise the "core issue" at the administrative level).

4

motion to reopen for ineffective assistance of counsel where the petitioners fail to comply with the procedural requirements of Lozada.  See Gbaya, 342 F.3d at 1223. Here, both the record and the Kopalis' own concession show that they did not comply with Lozada; thus, we conclude that the BIA abused no discretion in denying their motions to reopen in this respect.[4]

The Kopalis also argue that they will face persecution if returned to Albania based on the change in relations between Christians and Muslims in Albania and that medical facilities in Albania are inadequate for Antoneta's breast cancer treatment.  We conclude that the Kopalis did not justify the reopening of their removal proceedings under the changed country circumstances exception.[5] The evidence provided by the Kopalis in support of their motions to reopen was either immaterial or previously available during their removal proceedings.  See § 1003.2(c)(3)(ii).  For example, the character references and medical reports about Antoneta's condition were not material because they did not show how it would be

---

[4]The Kopalis argue that Antoneta's breast cancer diagnosis is an exceptional circumstance bearing on their ineffective assistance of counsel claim.  But the "exceptional circumstance" standard applies to removal orders that are issued in absentia, which was not the case here.  8 U.S.C. § 1229a(b)(5)(C)(i).  Thus, the Kopalis were required to comply with Lozada to obtain reopening of their removal proceedings based on ineffective assistance of counsel.

[5]It appears that the BIA took administrative notice that country conditions had changed in Albania and excused the untimeliness of the Kopalis' motions.

5

more likely that the Kopalis would suffer persecution upon returning to Albania. Also, the Kopalis provided country reports about Albania from before the IJ's final removal order in June 2003 and several affidavits about events that happened to them before leaving Albania in 2001. And the country reports from after 2003 did not discuss Christian-Muslim relations or the availability of adequate medical care in Albania.

Because the Kopalis' motions to reopen were not supported by previously unavailable and material evidence about changed circumstances in Albania, the BIA's denial of the motions was not arbitrary or capricious, or otherwise an abuse of discretion.

PETITION DENIED.