[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12141
Non-Argument Calendar

_____

Agency No. A95-542-806

LUIS E. ALARCON LEON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 13, 2009)

Before EDMONDSON, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Luis Leon ("Petitioner") is a native and citizen of Columbia. He seeks review of the Bureau of Immigration Appeals' ("BIA") denial of his appeal of the Immigration Judge's ("IJ") denial of his Motion to Reopen. Petitioner had moved to reopen the IJ's final order of a grant of voluntary departure. Petitioner contends for and relies on ineffective assistance of counsel: he contends that his counsel coerced him into withdrawing his application for asylum, withholding of removal, and protection under the United Nations Convention on Torture and other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Petitioner's counsel denied these contentions in an affidavit, and the IJ found Petitioner not credible. Because Petitioner failed to establish that he was prejudiced by counsel's alleged ineffectiveness, the IJ and the BIA did not abuse their discretion in rejecting his Motion to Reopen. No reversible error has been shown; we affirm.

"We review the denial of a motion to reopen removal proceedings for abuse of discretion." Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374 (11th Cir. 2007). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Cisceros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008)(quotations omitted). Motions to reopen are disfavored, especially in removal proceedings, "where, as a general matter, every delay works to the

2

advantage of the deportable alien who wishes merely to remain in the United States." I.N.S. v. Doherty, 502 U.S. 314, 323 (1992).

"Congress has provided by statute under section 1229a(c)(6) of the INA that an alien has the option to file one motion to reopen a final administrative order of removal within 90 days of that order. One of the grounds an alien may claim in a motion to reopen is ineffective assistance of counsel." Dukane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005). This Court has decided that the BIA may require the alien to meet the following test to show ineffective assistance of counsel:

> A motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

3

Dukane, 399 F.3d at 1274.

In addition to complying with these procedural requirements, a petitioner claiming

ineffective assistance of counsel "must also show prejudice." Id. "Prejudice exists

when the performance of counsel is so inadequate that there is a reasonable

probability that but for the attorney's error, the outcome of the proceedings would

have been different." Id.

Petitioner failed to show a reasonable probability that the outcome of the

proceedings would have been different if Petitioner's counsel had performed

differently. Given our limited and deferential standard of review, we decide that

the BIA and the IJ did not abuse their discretion in denying Petitioner's Motion to

Reopen; and we affirm their decisions.

AFFIRMED

4