[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17082
Non-Argument Calendar

_____

D.C. Docket No. A099-518-666

MARVIN ARMANDO NAVAS-VILLANUEVA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 23, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Marvin Armando Navas-Villanueva petitions this Court for review of a Board of Immigration Appeals (BIA) decision denying his claim for asylum, withholding of removal, and CAT relief. The BIA affirmed and adopted the decision of the Immigration Judge (IJ) and found Navas-Villanueva failed to meet his burden of proof in his application for asylum, withholding of removal, and CAT relief. Navas-Villanueva raises the following issues on appeal: (1) whether the BIA and IJ erred in concluding he failed to demonstrate past persecution on account of his social group or political opinion, (2) whether the BIA and IJ erred in concluding he failed to demonstrate a well-founded fear of future persecution on account of his social group or political opinion, and (3) whether the BIA and IJ erred in concluding he did not qualify for CAT relief.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). The BIA affirmed and adopted the IJ's opinion, so we will review the IJ's opinion as well as the BIA ruling. Issues of legal interpretation are reviewed *de novo*, *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and "administrative fact findings under the highly deferential substantial evidence test," *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Under this test, we will not reverse the BIA's factual finding unless the

2

record compels it. *Id.* at 1027. "We must affirm the agency's decision unless there is no reasonable basis for that decision." *Id.* at 1029.

I.

Navas-Villanueva argues the BIA and IJ erred in concluding he did not face past persecution in Guatemala on account of his social group or political opinion. He claims he was part of a social group of young men who belonged to a formal group protesting against the Mara Salvatrucha 13 gang. He further contends his persecution was on account of his political opinion in opposing the gang.

In defining a social group, we have adopted the BIA's reasoning in *Matter of Acosta*, 19 I. & N. Dec. 211 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987). *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1196 (11th Cir. 2006). The *Acosta* decision focused on whether a group has 1) immutable characteristics and 2) social visibility. *Acosta*, 19 I. & N. Dec. at 233-34. An immutable characteristic of a social group is one that "members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Castillo-Arias*, 446 F.3d at 1193, quoting *Acosta*, 19 I. & N. Dec. at 233.

Persecution on the basis of political opinion must be on account of the victim's opinion, not the persecutor's. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434,

3

437-38 (11th Cir. 2004) (citing *INS v. Elias-Zacarias*, 112 S. Ct. 812, 816 (1992)). Further, evidence that is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground. *Sanchez*, 392 F.3d at 438.

The record does not compel us to find Navas-Villanueva was persecuted on account of his social group or political opinion. Young men who resist recruitment by gangs and speak against them are not a distinct social group under the INA. Further, resistance to criminal gangs does not constitute a political opinion. *Sanchez*, 392 F.3d at 438. As he cannot show a nexus between any past mistreatment and a protected group, Navas-Villanueva does not qualify for asylum or withholding of removal on these grounds.

## II.

Navas-Villanueva also contends the IJ and BIA erred in concluding he had no well-founded fear of future persecution on account of a protected status. He argues he established past persecution and thus created a rebuttable presumption of future persecution. He also argues he had both a genuine subjective and reasonable objective fear of future persecution on account of a protected status.

4

To establish eligibility for asylum or withholding of removal based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007). "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution. In most cases, the objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam). To overcome this presumption, the government bears the burden to show by a preponderance of the evidence either that conditions in the country have changed or that the applicant could avoid future persecution by relocating within the country if, "under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.13(b)(1)(i)(B).

The record does not compel us to find Navas-Villanueva has a well-founded fear of future persecution on account of a protected ground. Navas-Villanueva failed to establish past persecution, so he is not entitled to a rebuttable presumption on these grounds. Further, even if he can demonstrate a subjective

5

and objective fear of mistreatment, he cannot demonstrate a nexus between any threat of future persecution and a protected status. Accordingly, he neither qualifies for asylum or withholding of removal on these grounds.

III.

To be eligible for CAT relief, an alien must show he is "more likely than not to be tortured in the country of removal." 8 C.F.R. § 208.16(c)(4). We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right [.]" 8 U.S.C. § 1252(d)(1). This requirement is jurisdictional, so the court lacks "jurisdiction over claims that have not been raised before the BIA." *Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006) (quoting *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003)).

Navas-Villanueva did not raise the issue of CAT relief in his appeal to the BIA. Though a claim may be viable if the core issue is maintained at all levels, here there was no mention of the issue in any form in the appeal to the BIA. *See Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n. 3 (11th Cir. 2008). Thus, he did not exhaust all administrative remedies, even if the BIA did summarily affirm the IJ's decision on this issue. Therefore we lack jurisdiction to decide the issue and must dismiss the petition regarding this claim. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-51 (11th Cir. 2006).

6

Navas-Villanueva cannot show the record compels reversal of the BIA's decision. Substantial evidence shows he was not persecuted on account of his membership in a social group or because of his political opinion, nor did he possess a well-founded fear of future persecution on those grounds. He also failed to raise his claim for CAT relief before the BIA, so we lack jurisdiction to address it. The petition is denied regarding the claims for asylum and withholding of removal, and dismissed regarding CAT relief.

**DENIED IN PART, DISMISSED IN PART.**