[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16713
Non-Argument Calendar

_____

Agency Nos. A095-552-352, A095-552-353

PAULO ANDRE VIERA-SOARES,
ISABEL CRISTINA MARTINS DOS SANTOS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 11, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioners Paulo Andre Viera-Soares and his wife, Isabel Cristina Martins Dos Santos (collectively "Petitioners"), proceeding pro se, seek review of the Board of Immigration Appeals's ("BIA") order denying their motion to reconsider its previous decision affirming the Immigration Judge's ("IJ") order denying their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1229a(c)(6), and 1231.  The BIA denied the motion to reconsider because it found "no new legal argument or particular aspect of the case which was overlooked and no ground upon which to reconsider [its] previous decision."

On appeal, Petitioners first argue that the BIA erred in denying their application for withholding of removal because Viera-Soares established a nexus between his imputed political opinion and the persecution he suffered, and that he more likely than not would be persecuted if removed to Brazil.  Second, Petitioners argue that the BIA abused its discretion in denying their motion to reconsider because the "BIA overlooked evidence of a pattern or practice of persecution of similarly situated individuals and [Viera-Soares's] inclusion in that group which made [his] fear of future persecution subjectively genuine and objectively reasonable."

As an initial matter, Petitioners do not argue on appeal that the BIA erred in denying their application for asylum, and therefore they have abandoned this issue

2

on appeal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that when a party fails to offer argument on an issue, that issue is abandoned).

## I.     Denial of Application for Withholding of Removal

We review questions of subject matter jurisdiction de novo. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). We do not have jurisdiction to review a final order of removal if the petition for review is not filed within this deadline, because "the statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional [and] is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004) (quotation omitted). Furthermore, the Supreme Court has held that "the filing of [a] reconsideration motion does not toll the time to petition for review." Stone v. I.N.S., 514 U.S. 386, 395, 115 S.Ct. 1537, 1544, 131 L.Ed.2d 465 (1995); see also Dakane, 371 F.3d at 773 n.3 (citing Stone for the proposition that the time for filing a petition for review "is not suspended or tolled by the [filing of] a motion to reopen the removal proceedings").

3

Because Petitioners did not file their petition for review within 30 days of the BIA's order denying their application for withholding of removal, we do not have jurisdiction to consider the merits of that decision. Accordingly, we dismiss the petition for review as to this issue.

## II. Denial of Motion to Reconsider

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008) (addressing motions to reopen) (quotation omitted). Motions to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." I.N.S. v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992) (discussing motions to reopen).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "However, a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no

4

reason to change its mind." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation and alteration omitted). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying errors of fact or law' as required for a successful motion to reconsider." Id. (citing 8 C.F.R. § 1003.2(b)(1)) (ellipsis omitted).

The BIA did not abuse its discretion in denying Petitioners' motion to reconsider because the motion merely reiterated the arguments that the BIA previously had considered and rejected. Accordingly, we deny the petition for review as to this issue.

Upon review of the record and consideration of the parties' briefs, we dismiss the petition for review in part and deny it in part.

**PETITION DISMISSED IN PART AND DENIED IN PART.**