[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10259
Non-Argument Calendar

_____

Agency No. A077-297-106

MEI SHAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 30, 2009)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Mei Shao, a native and citizen of China, through counsel, seeks review of a Board of Immigration Appeals (BIA) order denying her second motion to reopen its previous decision dismissing her appeal of the Immigration Judge's (IJ) final removal order. The IJ's order denied Shao's claims for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention on Torture and other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). On appeal, Shao argues the BIA committed legal error in denying her motion to reopen by failing to consider her evidence appropriately. She submits the evidence was sufficient to establish changed country conditions in China with respect to its enforcement of the one-child policy.[1]

"We review the denial of a motion to reopen removal proceedings for abuse of discretion." *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or

---

[1] Shao contends the BIA committed legal error in failing to distinguish her case from the BIA's decisions in *In re S-Y-G*, 24 I.&N. Dec. 247 (BIA 2007), and *In re J-W-S-*, 24 I.&N. Dec. 185 (BIA 2007). We do not address this argument because the BIA did not rely on these decisions in denying her second motion to reopen. Shao also argues the BIA abused its discretion in failing to consider her pending I-485 adjustment application. We do not address this argument because it does not pertain to whether she has shown a change in country conditions that would enable the BIA to grant her motion to reopen.

capricious." *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).

An alien may file one motion to reopen removal proceedings and such motion generally must be filed within 90 days of the date of the BIA's final administrative removal order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). A motion to reopen will not be subject to the time and numerical bars if the motion seeks asylum or withholding of removal and is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009).

In *Li*, we held the BIA abused its discretion in denying Li's motion to reopen her removal proceedings based on its finding she failed to establish changed country conditions in China. 488 F.3d at 1375, 1377.[2] Li, a native and citizen of China and a mother of two children, at least one of whom was born in the United

---

[2] This Court reached the same result in *Jiang*, noting the case was "startlingly like the case of *Li*" and finding "no discernable difference between the evidence presented in *Li* and the evidential foundation" before it in *Jiang*. *Jiang*, 568 F.3d at 1257-58.

States, sought to reopen proceedings based on previously unavailable evidence that Chinese officials in her home village in the Fujian Province were enforcing a one-child policy through the use of forced sterilization. *Id.* at 1372-73. In support of her claim, Li submitted, *inter alia*, the following evidence: (1) her own affidavit, reporting second-hand accounts of forced sterilization and abortion in her village in the previous year; (2) her mother's affidavit, reporting family planning enforcement had become "more severe" in their village, sterilizations "were more common than before," and three women from their village recently had been forcibly sterilized after giving birth to their second child; (3) the 2003 U.S. State Department Country Report on China, which was available at the original removal hearing, indicating the one-child policy was more relaxed in rural areas, but couples with two children were "usually pressured to undergo sterilization"; (4) the 2004 Country Report, which was not available at the original removal hearing, indicating couples with two children were "often pressured to undergo sterilization"; and (5) the 2005 Country Report, also unavailable at the original hearing, indicating forced sterilization and abortion were prevalent in rural provinces. *Id.* at 1373.

We noted the BIA "found neither Li's affidavit nor her mother's affidavit incredible." *Id.* at 1375. Next, we noted the background materials on China supported Li's fear that officials in the Fujian Province had "incentives and

4

discretion" to sterilize women with more than one child. *Id.* We held "Li's evidence of a recent campaign of forced sterilization in her home village, evidence consistent with the conclusion of recent government reports, clearly satisfied the criteria for a motion to reopen her removal proceedings." *Id.* Finally, we held the BIA erroneously concluded Li failed to establish a policy of persecuting women with two foreign-born, as opposed to native, children, as the distinction was not supported by any evidence in the record. *Id.* at 1376.

Here, the BIA did not abuse its discretion in denying Shao's second motion to reopen. Unlike the petitioner in *Li*, who supplied evidence showing an escalation of the enforcement of the one-child policy, Shao offered no evidence supporting her assertion that enforcement of the one-child policy through forced sterilizations has increased in China since the time of the BIA's August 12, 2005, decision in the original asylum proceedings, or its December 28, 2007, order denying her first motion to reopen.[3] In support of her second motion to reopen, Shao primarily relies on an Administrative Notice to establish a change in China's country conditions. The Administrative Notice specifically provides she will be subjected

---

[3] To the extent the BIA, in its December 28, 2007, order, considered Shao's evidence and found she failed to meet her burden to show a material change in China's country conditions that would enable it to grant her untimely motion, this Court does not have jurisdiction to revisit that decision because it does not appear Shao filed a petition for review with this Court with respect to that decision. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (noting that this Court did not have jurisdiction to revisit the BIA's final order of removal because Dakane failed to file a timely petition for review of that decision).

to sterilization upon her return to China. Shao's Declaration in support of the motion also primarily relies on the contents of the Administrative Notice. However, in contrast to the affidavits offered in *Li*, the credibility of which was not challenged, the BIA noted the Administrative Notice was "unsigned, unauthenticated and conflicts with known country conditions evidence," and declined to give the document more weight than the 2007 Profile. *See Li*, 488 F.3d at 1375. The BIA was entitled to discount this unauthenticated document. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1202 n.3 (11th Cir. 2005) ("Though we do note that Yang submitted official documentation from the Chinese government indicating that she underwent a 'sterilization procedure,' this document has not been authenticated, and thus we cannot depend on its veracity."). Furthermore, the 2007 Profile provided "U.S. officials in China are not aware of the alleged official policy, at the national or provincial levels, mandating the sterilization of one partner of couples that have given birth to two children, at least one of whom was born abroad," and, in the Fujian Province, children born abroad, if not registered as permanent residents of China, are "not counted against the number of children allowed under China's family planning law," but are not eligible for various social benefits upon their return to China. The BIA was entitled to rely on these statements in the 2007 Profile in support of its finding Shao failed to establish China's country conditions had changed or she would be sterilized upon her return

6

to China.  *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1175 (11th Cir. 2008) (noting this Court has held the BIA is "entitled to rely heavily on country reports") (quotation omitted).

Because the BIA could reasonably conclude Shao did not provide sufficient evidence to establish changed country conditions in China with respect to its enforcement of the one-child policy, the BIA did not abuse its discretion in denying her untimely and number-barred motion to reopen.  *Li*, 488 F.3d at 1374. Based on our review of the record and consideration of the parties' briefs, we deny the petition for review.

**PETITION DENIED.**