[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13291
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2010
JOHN LEY
ACTING CLERK

Agency Nos. A098-320-461, A098-320-462

RAIZA COROMOTO NIEVES,
OSWALDO IBRAHIN HURTADO,
BERIOZKA M. HURTADO,
LIUBOV N. HURTADO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 15, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Raiza Coromoto Nieves[1] petitions this court for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reconsider. Upon review, we conclude Nieves abandoned her argument by failing to raise the issue in her appellate brief. Accordingly, we deny the petition.

Nieves, a native and citizen of Venezuela, entered the United States in 2002. In 2004, she filed an application for asylum, withholding of removal, and CAT relief, alleging she was persecuted on account of her participation in the Democratic Action Party. She further alleged that she had been kidnaped and beaten by members of Venezuelan President Chavez's regime. After a hearing, the Immigration Judge ("IJ") denied relief, finding that the asylum application was untimely and that Nieves was not entitled to withholding of removal or CAT relief. Nieves appealed to the BIA, arguing that the IJ erred in finding her application was untimely and that her credible testimony established past persecution. The BIA adopted the IJ's decision and dismissed the appeal.

Instead of filing a petition for review in this court, Nieves filed a motion to reconsider. In her motion, Nieves asserted that the IJ erred in finding the application was untimely. She further reiterated that she established past persecution based on her credible testimony and that she had a well-founded fear

---

[1] Nieves family members Oswaldo Ibrahim Hurtado, Beriozka M. Hurtado, and Liubov N. Hurtado proceeded as derivative beneficiaries on her application.

of future persecution.  The BIA denied the motion.  This petition for review

followed.[2]

"We review the BIA's denial of a motion to reconsider for abuse of

discretion."  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).  If a

petitioner does not raise an argument in an opening brief before us, the argument is

considered abandoned. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226

n.1 (11th Cir. 2008).  We have observed that a "general reference" to a BIA action

will not suffice to preserve an issue for appeal.  *Yu v. U.S. Att'y Gen.*, 568 F.3d

1328, 1330 n.1 (11th Cir. 2009).

"A motion to reconsider shall state the reasons for the motion by specifying

the errors of fact or law in the prior [BIA] decision and shall be supported by

pertinent authority."  8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C).

A motion to reconsider that merely restates arguments that the BIA previously

rejected provides no reason for the BIA to change its prior decision.  *Calle*, 504

F.3d at 1329. "Therefore, merely reiterating arguments previously presented to the

BIA does not constitute 'specifying . . . errors of fact or law' as required for a

successful motion to reconsider." *Id.* (quoting 8 C.F.R. § 1003.2(b)(1)).

---

[2]  Because Nieves did not file a petition for review within thirty days of the BIA's affirmance of the IJ's removal order, the merits of the underlying order of removal are not properly before us.  8 U.S.C. § 1252(b)(1).  Our review is limited to the BIA's denial of the motion for reconsideration.  8 C.F.R. § 1003.2(b)(2).

In her opening brief, Nieves argues the merits of her asylum and withholding claims and makes only a passing reference to the denial of the motion for reconsideration. Because Nieves has not raised a substantive argument regarding the BIA's denial of her motion to reconsider, she has abandoned any argument that the BIA erred. To the extent that she raises arguments on appeal that she raised in her motion to reconsider, those arguments merely reiterated issues that the BIA already had considered and rejected. Accordingly, the BIA did not abuse its discretion in denying her motion to reconsider.

**PETITION DENIED.**