[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11063

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 28, 2008
THOMAS K. KAHN
CLERK

BIA Nos. A95-129-071 & A95-129-072

SALOME MELSEIO MONTANO CISNEROS,
DIVINA RAMOS MARTINEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 28, 2008)**

Before ANDERSON and BLACK, Circuit Judges, and HODGES,* District Judge.

BLACK, Circuit Judge:

_____

* Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

Salome Montano Cisneros and Divina Ramos Martinez (Petitioners) petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal of the Immigration Judge's (IJ) denial of their motion to reopen their removal proceedings based on exceptional circumstances. After review, we grant the petition for review and remand for further consideration consistent with this opinion.

## I. BACKGROUND

The Department of Homeland Security (DHS) placed Petitioners, who are citizens of Mexico, in removal proceedings, charged them with being present without a valid entry document, and served them with a Notice to Appear on April 6, 2004. The Notice ordered Petitioners to appear before the Immigration Court in Atlanta, Georgia, on August 18, 2004. The hearing was rescheduled for September 17, 2004.

Petitioners failed to appear on that date. As a result, the IJ ordered them removed in absentia. Petitioners filed a pro se motion to reopen their removal proceedings based on exceptional circumstances. In the motion, they stated news reports of Hurricane Ivan's flooding led them to believe traveling to Atlanta would be extremely difficult and treacherous, so they did not make the journey that day. The IJ granted the motion to reopen and rescheduled the hearing for February 8,

2006. The February date came and went with no sign of Petitioners, and the IJ issued another in absentia removal order.

Petitioners then filed a second motion to reopen on August 2, 2006, again claiming exceptional circumstances; this time, they claimed ineffective assistance of counsel. In this motion, they stated they had hired James Taylor, a man who claimed to be an immigration attorney, to represent them before the Immigration Court. They paid Taylor around $13,000 for his services. Taylor took their money, told them he would represent them, and informed them they did not need to appear before the IJ for the February hearing. He explained to petitioners he had transferred their case to Tennessee and planned to take care of everything. Based on his advice, Petitioners did not attend the February hearing.

Taylor, however, was not an attorney. He was, by all accounts, a con artist. Petitioners soon lost contact with him. In the last communication Petitioners had with Taylor, he claimed to have been involved in a car crash in Mexico and was unavailable. There is no record in this case that Taylor ever filed a Notice of Entry of Appearance on behalf of Petitioners or took any steps to resolve their case. Petitioners, once realizing Taylor was no longer available and had swindled them, filed a complaint with the North Carolina State Bar and subsequently filed the present motion to reopen.

The IJ denied the motion to reopen, rejecting their claim of extraordinary circumstances based on ineffective assistance of counsel. The IJ reasoned Petitioners had been warned about the consequences of failing to appear and instead followed the advice of their putative attorney. The IJ refused to excuse the failure to appear again.

The BIA affirmed the IJ. The BIA agreed with the IJ's holding that the election to follow Taylor's advice despite the warnings about failing to appear did not amount to exceptional circumstances. Additionally, the BIA found Petitioners' motion was numerically barred, as they already had filed a motion to reopen the proceedings. The BIA dismissed the appeal, and this petition for review followed.[1]

---

[1] At the outset, we note the Government raised at oral argument an alternative explanation of the IJ's and BIA's rulings in this case. According to the Government, the IJ found, based on its reading of Petitioners' affidavit, that Petitioners' excuse in the first motion to reopen (that they could not attend due to weather conditions) was untrue and their real excuse was that they had been following Taylor's advice from the very beginning. The Government's argument here was not raised in their brief and is therefore waived. *See Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1326 n.4 (11th Cir. 2005). Moreover, we do not share the Government's strained reading of the IJ's ruling. Nothing in either the IJ's or the BIA's decisions suggest they questioned the legitimacy of the first exceptional circumstance proffered by Petitioners. Petitioners' first motion to reopen was granted because they stated the severe weather at the time made travel dangerous, and the second motion to reopen was brought because their counsel lied to them.

## II. STANDARD OF REVIEW

We review the BIA's denial of a motion to reopen for abuse of discretion. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (quotation omitted).

## III. DISCUSSION

### A. Exceptional Circumstances

We first ask whether the BIA abused its discretion in finding petitioners did not establish exceptional circumstances. An alien may file a motion to reopen and seek rescission of an in absentia removal order if the motion is filed within 180 days of the date of the order and demonstrates the failure to appear was due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C). The statute defines exceptional circumstances as follows:

> The term "exceptional circumstances" refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

5

8 U.S.C. § 1229a(e)(1). The BIA has found claims of ineffective assistance of counsel–in particular, when an applicant's failure to appear is due to his attorney's errant instruction–qualify as exceptional circumstances under this section. *In re Grijalva-Barrera*, 21 I. & N. Dec. 472, 474 (BIA 1996). Our case law also states the BIA may require an alien seeking to show exceptional circumstances due to ineffective assistance of counsel to satisfy certain procedural requirements and demonstrate prejudice. *Dakane v. U.S. Att'y Gen.*, 371 F.3d 771, 775 (11th Cir. 2004).

We have not yet decided the issue, but we agree with the Fifth Circuit that the BIA's failure to follow its own precedents without providing a reasoned explanation for doing so can constitute an abuse of discretion. *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 802-03 (5th Cir. 2007); *see also Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 712 (6th Cir. 2004) ("[T]he BIA ha[s] no discretion to ignore its own precedent."), *Hernandez v. Ashcroft*, 345 F.3d 824, 846 (9th Cir. 2003) ("A nonprecedential decision by the BIA in defiance of its own precedential case law simply cannot be classified as discretionary."), *Davila-Bardales v. INS*, 27 F.3d 1, 5 (1st Cir. 1994) (stating the BIA must provide a reasoned basis for departing from past precedent).

In *Galvez-Vergara*, the Fifth Circuit found the BIA abused its discretion in failing to consider *Grijalva-Barrera* under circumstances similar to this case. *Galvez-Vergara*, 484 F.3d at 803. The applicant's attorney had assured him his case would be transferred to another venue and he need not attend the proceedings. *Id.* at 800. Neither the attorney nor the applicant attended, and the IJ issued an in absentia removal order. The IJ denied the applicant's motion to reopen, finding it was not reasonable to rely on the attorney's advice and ignore the statements on his notice to appear warning him of the consequences of failing to attend. *Id.* at 801. The Fifth Circuit reversed, finding the failure to consider the "highly similar" *Grijalva-Barrera* case was an abuse of discretion. *Id.* at 802-03.

Both the BIA and the IJ decisions in the case at bar are bereft of any mention of *Grijalva-Barrera*, despite Petitioners' bringing the case to the attention of both bodies in their motion to reopen and subsequent appeal. The cases are very similar: In *Grijalva-Barrera*, an employee of the applicant's attorney telephoned the applicant the morning of his hearing and erroneously informed him the hearing had been continued and he should not appear for it. *Id*. at 473. The hearing was conducted in absentia, and an order of removal issued. *Id.* The BIA granted the applicant's motion to reopen because he satisfied the procedural requirements and his claim was meritorious. *Id.* at 473-74. Like the applicant in

7

*Grijalva-Barrera*, Petitioners here have satisfied the procedural requirements and substantively allege their attorney told them not to attend the hearing. We hold the BIA's failure either to follow its own past precedent or to provide a reasoned explanation for not doing so when ruling on petitioner's motion to reopen was an abuse of discretion.

*B. The Numerical Bar*

Because we conclude the BIA's first holding was an abuse of discretion, we now ask whether the second holding–that Petitioners' motion is numerically barred–was an abuse of discretion. The regulations limit motions to reopen in absentia removal proceedings in the following way:

> Order entered in absentia or removal proceedings. An order of removal entered in absentia or in removal proceedings . . . may be rescinded only upon a motion to reopen filed within 180 days after the date of the order of removal, if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . . An alien may file only one motion pursuant to this paragraph.

8 C.F.R. § 1003.23(b)(4)(ii). The BIA ruled Petitioners' present motion was numerically barred because they already had filed a motion to reopen–the successful motion in response to the September 2004 removal order.[2]

_____

[2] We note some confusion over *which* original motion to reopen the BIA referred to when it held the current motion was numerically barred. In its opinion, the BIA referred to three motions to reopen: the present motion at issue filed August 3, 2006; the successful motion arising from the September 2004 in absentia removal order; and a July 13, 2006, filing it calls a "motion to reopen."

We have recently dealt with similar language in the regulations addressing the numerical bar on motions to reconsider. *See Calle v. U.S. Att'y Gen.*, 504 F.3d 1324 (11th Cir. 2007). In *Calle*, the applicant had filed with the BIA a motion to reconsider its decision affirming the IJ's denial of relief. *Id.* at 1327. The BIA denied the motion, and Calle filed a motion to reopen based on changed country conditions. *Id.* That was denied as well, spurring Calle to file a motion to reconsider the denial of the motion to reopen. *Id.* The BIA denied this as numerically barred by the regulations limiting an applicant to "only one motion to reconsider a decision that the alien is removable from the United States." *Id.* at 1328 (citing 8 C.F.R. § 1003.2(b)(2)). We found the plain terms of the regulation allowed an alien to file a motion to reconsider for each decision by the BIA

---

On July 13, 2006, Petitioners' real attorney sent a letter to the USCIS clearly titled "*Fee-in* of Motion to Reopen" (emphasis added). The letter indicated it included a cover page for a motion to reopen, a filing fee, and a self-addressed stamped envelope. The IJ, presumably looking at the cover page, assumed this was a motion to reopen and denied it on July 24, 2006. Petitioners' attorney promptly notified the IJ that the filing was only to "fee-in" the motion and the as-yet unfiled motion would be filed shortly. When the IJ issued her opinion on the actual motion, she made no mention of the July 13 filing as a "motion to reopen."

To the extent the BIA believed the July 13 filing was a motion to reopen bringing about the current numerical bar, that holding is an abuse of discretion. The letter plainly indicates it was only intended to "fee-in" a forthcoming motion to reopen and was not itself a motion to reopen. The record compels the conclusion that the July 13 filing was not a motion to reopen. *See Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 820 (11th Cir. 2007) (the BIA's findings of fact may be reversed when the record compels a contrary conclusion). There are only two actual motions to reopen in this case: the present motion and the successful response to the September 2004 in absentia order.

9

finding an applicant removable; Calle was not limited to a single motion to reconsider during the entirety of her removal proceedings. *Id.* at 1328-29.

Although in this case we deal with different regulatory language than *Calle*, the language of the regulation at hand is equally plain. The regulatory provision limiting petitioners to one motion to reopen an in absentia removal order permits one motion to reopen *per* in absentia removal order. The language states "*an order of removal entered in absentia*" and allows one motion to reopen "pursuant to this *paragraph*." 8 C.F.R. § 1003.23(b)(4)(ii) (emphasis added). The "paragraph" speaks of rescinding any given order; it does not limit petitioners to a single motion to reopen any and all removal orders to which they might be subjected. The first motion to reopen successfully rescinded the September 2004 in absentia removal order. The February 2006 order was a fresh in absentia removal order, and under the plain terms of the regulation, Petitioners are entitled to one motion to reopen it. The BIA's belief otherwise was an abuse of discretion.

## IV. CONCLUSION

We conclude the BIA abused its discretion in denying the motion to reopen.[3]  We GRANT the petition for review and REMAND the case for further consideration consistent with this opinion.

**GRANTED** and **REMANDED**.

---

[3] We reject the Government's jurisdictional arguments.  In its brief, the Government argues Petitioners have failed to exhaust their arguments before the BIA and we therefore lack jurisdiction over them.  The Government concedes Petitioners have asserted and continue to assert that Taylor's conduct rises to the level of exceptional circumstances, but that they have not engaged in the IJ's "reasons" for denying their relief.  In support, the Government cites *Alim v. Gonzales*, 446 F.3d 1239 (11th Cir. 2006), and *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247 (11th Cir. 2006).

*Alim* and *Amaya-Artunduaga* simply illustrate the hyper-technicality of the Government's arguments here.  In *Amaya-Artunduaga*, the applicant wholly failed to raise his challenge to the IJ's adverse credibility determination before the BIA.  463 F.3d at 1250.  In *Alim*, the applicant abandoned his entire cancellation of removal claim before the BIA, thus depriving this Court of jurisdiction.  446 F.3d at 1253.  Thus, in both cases entire claims and issues were abandoned at the administrative level.  This is decidedly not the case here.  Petitioners have always argued the core issue now on appeal: their entitlement to reopening because Taylor's behavior constituted ineffective assistance of counsel.  Our review of the record demonstrates Petitioners' preserved arguments have provided us sufficient jurisdiction to decide this case.