[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10859
Non-Argument Calendar
_____

Agency No. A79-495-182

DOMINGO PABLO JUAN MATEO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 13, 2009)

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Domingo Pablo Juan Mateo, a native and citizen of Guatemala, petitions for review of the affirmance by the Board of Immigration Appeals ("BIA") of the Immigration Judge's ("IJ") decision denying asylum and withholding of removal.[1] No reversible error has been shown; we deny the petition.

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as if it were the BIA's. Sanchez Jimenez v. U.S. Attorney Gen., 492 F.3d 1223, 1231 (11th Cir. 2007) (citing 8 C.F.R. § 1003.1(e)(4)). We review legal determinations de novo. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal citation omitted). Therefore, a fact determination will be reversed only when the record compels, instead of merely supports, a reversal. Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-

---

[1]The decision also denied relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. But on appeal, Juan Mateo does not offer argument on this claim; and thus, it is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on that issue).

founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1286-87.

Here, Juan Mateo sought asylum based on the acts of anti-government guerillas against him and his family and testified to the following things: (1) in 1992, guerillas killed his father, who worked for the civil patrol and helped guard the town where he lived; (2) when his father was killed, Guatemala was engaged in a civil war with the guerillas; (3) the guerillas repeatedly destroyed his family's crops; (4) he had been hit once by the guerillas; and (5) after his father's death, Juan Mateo and his brother remained in Guatemala for two years before fleeing to the United States.[2]

The IJ concluded that Juan Mateo did not establish past persecution because he never was harmed in Guatemala. The IJ also concluded that Juan Mateo did not demonstrate an objectively reasonable well-founded fear of future persecution because Guatemala no longer was at war with the guerillas, and no evidence suggested that he would be singled out for persecution.[3] On appeal, Juan Mateo

---

[2]Juan Mateo did not state clearly under what protected ground he sought relief; but, based on his testimony, it appeared to be political opinion.

[3]The IJ concluded that Juan Mateo was statutorily eligible for asylum even though he filed his application more than one year after his arrival in the United States because Juan Mateo

3

argues that he demonstrated past persecution and a well-founded fear of future persecution based on the events that happened to him in Guatemala.

We conclude that substantial evidence supports the IJ's decision that Juan Mateo did not demonstrate past persecution. We have explained that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation"; and "mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (citation and internal quotation omitted).

That the guerillas destroyed his family's crops and hit Juan Mateo once are insufficiently extreme to establish persecution. These events were isolated and amounted to mere harassment; they did not infringe on Juan Mateo's personal safety as evidenced by his remaining in the same place for two years after his father was killed. In addition, the death of Juan Mateo's father does not demonstrate persecution of Juan Mateo himself. To the extent that Juan Mateo argues he suffered past persecution because of general war conditions, his argument is unavailing. See Mazariagos v. U.S. Attorney Gen., 241 F.3d 1320, 1328 (11th Cir. 2001) (asylum eligibility does not extend to "anyone who fears the general danger that inevitably accompanies political ferment and factional strife").

---

was only 12-years-old when he came to the United States, and he filed his asylum application within one year of turning 18.

4

We also conclude that substantial evidence supports the IJ's conclusion that Juan Mateo did not establish a well-founded fear of future persecution. To show a well-founded fear of future persecution, Juan Mateo had to establish that his fear both was "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. "[T]he objective prong can be fulfilled . . . by establishing . . . that he . . . has a good reason to fear future persecution." Id. (internal quotation omitted). Juan Mateo has shown no such good reason. His fear is based on acts by the guerillas; but two years after he left Guatemala, the war between the guerillas and the government ended. See Mazariagos, 241 F.3d at 1328 (concluding that petitioner's fear of Guatemalan guerillas was objectively unreasonable in the light of changed circumstances resulting from the 1996 peace accords). In addition, Juan Mateo remained in Guatemala for two years after his father was killed, kept away from the country for over 10 years, and never indicated his involvement in activities which would cause the guerillas to target him personally. See id. at 1327-28. And he testified that his mother continues to live in Guatemala unharmed. See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (indicating that a claim of well-founded fear is undercut when the alien has family living in the country without incident). Thus, Juan Mateo offered no evidence indicating that he will be singled out for persecution if returned to Guatemala,

5

either because of political opinion or his Mayan ancestry.[4]

Because substantial evidence supports the IJ's decision, we affirm the denial of asylum. Juan Mateo's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal. See <u>Forgue</u>, 401 F.3d at 1288 n.4.

PETITION DENIED.

---

[4]The government argues that we have no jurisdiction to consider Juan Mateo's claim that he faces future persecution based on his membership in a particular social group, the Mayan indigenous people, because he did not exhaust this claim before the BIA. But Mateo argued the core issue of whether he had a well-founded fear based on the guerillas' acts before the BIA. <u>See</u> <u>Montano Cisneros v. U.S. Attorney Gen.</u>, 514 F.3d 1224, 1229 n.3 (11th Cir. 2008) (the jurisdictional bar only applies if petitioner fails to raise the "core issue" at the administrative level).