[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

No. 08-13004
Non-Argument Calendar
_____

Agency No. A73-049-595

SHAMIM ALI,
a.k.a. Mohammed Shamim,
a.k.a. Shamim Mokter Ali,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 8, 2009)

Before DUBINA, Chief Judge, TJOFLAT and EDMONDSON, Circuit Judges.

PER CURIAM:

Petitioner Shamim Ali ("Petitioner"), a native and citizen of Bangladesh, seeks review of the Board of Immigration Appeals ("BIA") decision denying his motion to reopen a removal proceeding. The BIA's decision affirmed an Immigration Judge's ("IJ") denial of his Motion to Reopen an in absentia order of removal. Petitioner contends that the BIA abused its discretion in denying his Motion to Reopen to file claims for asylum and withholding of removal. Petitioner claims that he did not receive notice of his removal hearing and that because of changed country conditions in Bangladesh and changed personal circumstances, his proceedings should be reopened. No reversible error has been shown; we affirm the BIA's decision and deny this petition.

"We review the denial of a motion to reopen removal proceedings for abuse of discretion." Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374 (11th Cir. 2007). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Cisceros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008) (quotations omitted). Motions to reopen are disfavored, especially in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." I.N.S. v.

Doherty, 502 U.S. 314, 323 (1992).  We defer to the executive branch administrative agency factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

Petitioner filed an earlier asylum and withholding of removal application using an alias and false address.  After some time, Petitioner was notified that he was removable for remaining in the United States for longer than his status permitted: a Notice to Appear was sent to the last known address provided by the Petitioner.  The Notice to Appear was delivered to the address on file; it did not reach the petitioner, who was living elsewhere; and Petitioner failed to appear at his scheduled hearing.  At the hearing, the IJ issued an in abstentia order of removal.

Some years later, Petitioner filed a Motion to Reopen.  He contended that he was entitled to a stay of removal because he did not receive proper notice of the Notice to Appear and did not have an opportunity to present his claims.  The Government opposed this motion and argued that Petitioner did not receive notice because he was not living at the address he provided to the INS.  The IJ decided that notice of the hearing was sent to Petitioner's last known address in accord with applicable regulations, and the IJ denied Petitioner's Motion to Reopen.

Petitioner appealed the IJ's decision to affirm his in abstentia removal order.  The BIA affirmed.  Petitioner then filed several Motions to Reopen, which the BIA denied as time and number barred and as failing to demonstrate extraordinary

3

circumstances.

An alien ordinarily may file only one Motion to Reopen; and the motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. §§ 1229a(c)(7)(A)-(B). A Motion to Reopen must be filed within 90 days of the date of entry of a final administrative order of removal unless the motion is to apply for asylum or withholding of removal and is based on changed country conditions and if evidence of the changed conditions was not available and would not have been discovered or presented in the previous proceeding. 8 U.S.C. §§ 1229a(c)(7)(C)(i)-(iii). When asking the BIA to reopen, a petitioner "bears a 'heavy burden,' and must 'present[] evidence of such a nature that the [BIA] is satisfied that if the proceedings . . . were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006).

We have reviewed the record and considered the parties' briefs, and we can see no reversible error. Petitioner failed to present evidence of changed circumstances or country conditions–or any other exceptional circumstances–and the BIA did not abuse its discretion in denying his Motion to Reopen. Accordingly, we deny the petition.

PETITION DENIED.