[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 03, 2010
JOHN LEY
ACTING CLERK

No. 09-13357
Non-Argument Calendar

_____

Agency No. A097-187-120

MARWAN MOWAFAK EL MOSTAKIM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 3, 2010)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner is a native of Egypt and is stateless due to his status in Egypt as a

Palestinian refugee. An Immigration Judge ("IJ") denied his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and ordered his removal. The Board of Immigration ("BIA") dismissed his appeal of the IJ's decision thusly. After noting that petitioner did not contest the IJ's finding that his asylum application was time-barred and concluding that he was therefore ineligible for asylum, the BIA affirmed the IJ's withholding of removal and denial of CAT relief. It did so on alternative grounds: petitioner's testimony, as the IJ found, was not credible, but assuming that it was, petitioner failed to establish eligibility for either forms of relief. The BIA also affirmed the IJ's refusal to consider documents petitioner produced long after the deadline the IJ set for the filing of additional documents.

Petitioner how challenges the BIA's decision, raising two issues: (1) whether the BIA's affirmance of the IJ's refusal to consider his late-filed exhibits constituted an abuse of discretion and a denial of due process, and (2) whether the BIA erred in upholding the IJ's adverse credibility determination and concluding that petitioner was ineligible for withholding of removal and CAT relief.

I.

We review constitutional challenges *de novo*. *Ali v. U.S. Attorney Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). "Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings." *Tang v. U.S.*

2

*Attorney Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (quotation marks omitted). To establish a due process violation, the petitioner must show that he was deprived of liberty without due process of law and that the purported errors caused him substantial prejudice. *Id.* "[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Id.* (quotation marks omitted).

Discretionary decisions that are governed by federal regulations are reviewed for an abuse of discretion. *See Zafar v. U.S. Attorney Gen.*, 461 F.3d 1357, 1361-62 (11th Cir. 2006). The BIA abuses its discretion when its decision is arbitrary or capricious. *Montano Cisneros v. U.S. Attorney Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).

An IJ's decision to exclude evidence offered after a court-ordered filing deadline is discretionary. *Tang*, 578 F.3d at 1276. Federal regulations provide the IJ with administrative control over the removal hearing, including the discretion to set and extend filing deadlines. *Id.* (citing 8 C.F.R. § 1003.31(c)). Where an application or other document is not filed within the court-ordered time period, the opportunity to file that document is deemed waived. *Id.* (citing § 1003.31(c)). For this reason, we have held that an alien "does not have a constitutionally protected liberty interest in the admission of evidence after the court-ordered deadline" and "cannot establish a due process violation based on the IJ's adverse decision" in that

3

respect. *Id.*

To the extent that petitioner claims that his due process rights were violated by the refusal to accept his evidence, his argument is foreclosed by *Tang*. To the extent that he claims an abuse of discretion, the record clearly indicates that the IJ and petitioner's then-counsel specifically discussed the filing deadline at the master hearing. Petitioner has provided no support for his position that the IJ's awareness of counsel's intent to withdraw from petitioner's representation obligated the IJ to discuss the deadline with petitioner personally as if he were appearing *pro se*. Thus, he has failed to show that either the IJ or the BIA acted arbitrarily or capriciously in excluding his late-filed exhibits. *See Montano Cisneros*, 514 F.3d at 1226.

II.

We review the BIA's decision, except to the extent that it expressly adopts the IJ's opinion or relies upon his reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the relevant portion of the BIA's opinion did not specifically adopt or rely upon the IJ's decision, so we review the BIA's opinion only. Factual determinations are reviewed under the substantial evidence test, which requires us to "review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Ruiz v. U.S. Attorney Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). We must affirm

4

the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole, and we will not reverse unless the record compels a contrary conclusion. *Id.* at 1254-55.

To establish eligibility for asylum, an alien must demonstrate that he is a "refugee" under the INA by establishing either (1) past persecution on the basis of a protected ground, or (2) a well-founded fear of future persecution on the basis of a protected ground. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005). The well-founded-fear standard requires the alien to demonstrate that his fear is both subjectively genuine and objectively reasonable. *Id.* at 1231. The alien must be able to establish a causal connection between the feared persecution and a protected ground by "presenting 'specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of'" the protected ground. *Id.* (quoting *Al Najjar*, 257 F.3d at 1287). The petitioner need not prove that he would be singled out for persecution if he can establish a pattern or practice of persecution of a similarly situated group in which he is included or with which he might be identified. 8 C.F.R. § 208.13(b)(2)(iii)(A)-(B); *see* § 208.16(b)(2)(i)-(ii) (permitting pattern-or-practice evidence in withholding-of-removal cases).

A more stringent standard is applied to claims for withholding of removal. *Sepulveda*, 401 F.3d at 1232. To establish that he is entitled to withholding of

removal under the INA, an alien must show that his "life or freedom would be threatened" in the country of removal on the basis of a protected ground. *Id.* "The alien bears the burden of demonstrating that it is more likely than not [he] will be persecuted or tortured upon being returned to [his] country." *Id.* (quotation marks omitted). An alien who cannot meet the well-founded-fear standard for asylum generally cannot satisfy the higher more-likely-than-not standard for withholding of removal. *Id.* at 1232-33.

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (quotation marks omitted). "Mere harassment does not amount to persecution." *Id.* (quotation marks and alterations omitted). We have held that a five-day detention, during which the petitioner was forced to stand in the sun for two hours but was otherwise unharmed, did not rise to the level of past persecution. *See Zheng v. U.S. Attorney Gen.*, 451 F.3d 1287, 1289-91 (11th Cir. 2006). Employment discrimination that stops short of depriving the individual of a means of earning a living also does not constitute persecution. *Id.* at 1291.

Petitioner's notice of appeal and his supporting brief to the BIA (challenging the IJ's removal order) failed to mention either the denial of CAT relief or the IJ's adverse credibility determination. We therefore lack jurisdiction to review the

6

denial of CAT relief or the adverse credibility determination.[1]

As to his claim for withholding of removal under the INA, the BIA noted that petitioner's only alleged harms were difficulty operating a business in Egypt and several detentions and interrogations at the airport following trips abroad. Although he alleges that he could not obtain a work permit or own a business in his own name, he was able to operate a business that the family considered "his" by putting it in his aunt's name. The longest of the airport detentions lasted approximately 12 hours and he indicated that he had never been harmed or physically threatened at any time. Even if his testimony had been found credible, neither of these allegations would rise to the level of past persecution. *See Zheng*, 451 F.3d at 1289-91.

With respect to future persecution, petitioner alleged only that he believed he would be detained at the airport upon his return, and he offered no evidence to support his assertion that this detention, unlike all previous ones, would include torture. Finally, although he alleged in his appeal to the BIA that there was a pattern or practice of persecution of Palestinian refugees in Egypt, he offered no timely filed evidence to support that claim. The incredibility of his allegations and the absence of any corroborating evidence are sufficient to support a finding that

---

[1] We hold that petitioner failed to exhaust his administrative remedies regarding the adverse credibility determination despite the fact that the BIA reviewed the determination *sua sponte*. *See Amaya-Artunduaga v. U.S. Att'y Gen.,* 463 F.3d 1247, 1250-51 (11ᵗʰ Cir. 2006)..

he had failed to meet his burden of proof. *See Ruiz*, 440 F.3d at 1255; *Yang*, 418 F.3d at 1201. Substantial evidence supports the BIA's conclusion that petitioner had failed to establish that he was more likely than not to be persecuted if returned to Egypt. *Ruiz*, 440 F.3d at 1255; *Sepulveda*, 401 F.3d at 1232.

For the foregoing reasons, we dismiss the petition with respect to petitioner's unexhausted claims and deny it in all other respects.

PETITION DISMISSED, in part, and DENIED, in part.