[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15851
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

Agency No. A097-924-177

OLAYEE SUNDAYE COLLINS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 25, 2010)

Before DUBINA, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Olayee Sundaye Collins, a native and citizen of Liberia, seeks

review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal, INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture ("CAT"). He argues on appeal that the BIA erred when it determined that he had failed to establish that he suffered past persecution and had a well-founded fear of persecution should he be returned to Liberia.[1]

## I.

As an initial matter, the government argues that Collins did not exhaust his claim before the BIA that he had established a well-founded fear of future persecution.

"We review our subject matter jurisdiction *de novo*." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Id.* (holding that the BIA's *sua sponte* review of an issue does not satisfy the exhaustion requirement). An applicant has not exhausted his administrative remedies where he "wholly failed"

_____

[1]Collins failed to raise his CAT claim in his initial brief on appeal; thus, he has waived the claim. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

to raise a claim or issue before the BIA. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008).

In his brief on appeal to the BIA, Collins recited the three-part test necessary for establishing a well-founded fear of persecution, and he argued that it could be established even where there is only a ten percent chance that the feared harm will materialize. Therefore, we conclude that Collins did not "wholly fail" to argue this issue before the BIA, and we have jurisdiction to address Collins's argument.

II.

Collins next argues that he established past persecution on the basis of imputed political opinion because he presented evidence that (1) he received numerous death threats because the public associated him with former Liberian President Charles Taylor, (2) his wife was arrested and detained because she was Collins's spouse and because of Collins's association with Taylor, and (3) in 1990, a rebel made him sit in the dirt while holding a gun to his head.

Where, as here, the BIA issues its own opinion and does not adopt the IJ's opinion, we review the BIA's decision. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007). To the extent that the decision was based on a legal determination, our review is *de novo*. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254 (11th Cir. 2006). Factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by

3

reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (internal quotation marks omitted). Additionally, "[u]nder the substantial evidence test, we review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Ruiz*, 440 F.3d at 1255 (quoting *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004)). Thus, "a finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.* (internal quotation marks omitted).

Under the Immigration and Nationality Act, the Attorney General has discretion to grant asylum to any alien determined to be a "refugee" within the meaning of the Act. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). "A refugee is defined as one who is unable or unwilling to return to his or her home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1202 (11th Cir. 2005) (internal quotation marks omitted). The applicant bears the burden of proof of establishing that he is a refugee. 8 U.S.C. § 1158(b)(1)(B)(i).

An alien seeking withholding of removal under the INA similarly must show that his "life or freedom would be threatened in that country because of the alien's

4

race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The burden of proof for withholding of removal, however, is "more likely than not," and thus, is "more stringent" than the standard for asylum relief. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). Therefore, an applicant who fails to establish eligibility for asylum on the merits necessarily fails to establish eligibility for withholding of removal. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

Credible testimony may be enough to meet the petitioner's burden without corroboration. *Ruiz*, 440 F.3d at 1255. If the BIA fails to make an explicit adverse credibility determination, we accept the petitioner's testimony as credible. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1257 (11th Cir. 2007).

In order to establish asylum based on past persecution, "the applicant must prove (1) that []he was persecuted, and (2) that the persecution was on account of a protected ground." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009) (internal quotation marks omitted). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Id.* at 1353 (internal quotation marks omitted). Threatening phone calls do not necessarily rise to the level of persecution. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir.

5

2006). In *Silva*, we held that the petitioner did not suffer past persecution where she received a written death threat and several threatening phone calls during a one month period. *Id.* at 1237-38.

Persecution is not established by short periods of detention during which the petitioner does not suffer any serious physical injuries. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008). In *Djonda*, we held that no persecution occurred when a alien was detained for 36 hours after participating in a political rally, and during his detention, police officers beat him severely enough to warrant a two-day hospital stay, several medications, and two weeks of rest. *Id.* Similarly, we found that an alien had not established past persecution when he was arrested while participating in a student demonstration, interrogated and beaten for five hours, detained for four days, without showing any physical harm, subsequently monitored by Iranian authorities, and forced to appear before a university discipline committee and an Islamic court. *Kazemzadeh*, 577 F.3d at 1353.

However, it may not be necessary for a petitioner to show serious physical injury if he has demonstrated "repeated threats combined with other forms of severe mistreatment." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1009 (11th Cir. 2008) (citing examples). Moreover, we "may consider a threatening act against another as evidence that the petitioner suffered persecution where that act

6

concomitantly threatens the petitioner." *Id.* at 1009 n.7. Finally, when assessing whether the petitioner has established past persecution, we consider the cumulative impact of the mistreatment he suffered. *Mejia*, 498 F.3d at 1258.

Here, even when viewed cumulatively, we conclude that the primarily verbal threats and Collins and his wife's brief detentions during which they suffered no physical injuries do not compel the conclusion that Collins suffered past persecution.

III.

Finally, Collins argues that he established an objectively reasonable well-founded fear of future persecution. He contends that despite the end of violent combat in 2003, Liberia is not a safe place. He supports this claim by noting that President Obama renewed Liberia's temporary protected status last year and by citing to information contained in the 2008 country report for Liberia. He argues that his life or freedom would be endangered if he returned to Liberia, because of his past association with former President Taylor.

Proof of past persecution gives rise to a rebuttable presumption of a well-founded fear of persecution on the same basis. *Kazemzadeh*, 577 F.3d at 1351. However, if the claimant cannot establish past persecution, he may show a well-founded fear of persecution by establishing "a fear of persecution in his country of nationality on account of a protected ground, a reasonable possibility of suffering

7

persecution if [he] returns to that country, and that he is unable or unwilling to return because of his fear." *Id.* at 1352. This fear must be "both subjectively genuine and objectively reasonable." *Ruiz*, 440 F.3d at 1257. The petitioner can satisfy the subjective component through credible testimony that he genuinely fears persecution on the basis of the grounds alleged and the objective component by showing that he has a "good reason to fear future persecution." *Al Najjar*, 257 F.3d at 1289-90 (internal quotation marks omitted).

"An applicant does not have a well-founded fear of persecution if the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances, it would be reasonable to expect the applicant to do so." *Kazemzadeh*, 577 F.3d at 1352 (internal quotation marks omitted). Additionally, the fact that a petitioner's family remains in the country without incident may contradict the petitioner's claims that he has a well-founded fear of persecution if he is returned. *Ruiz*, 440 F.3d at 1259. Finally, the BIA is "entitled to rely heavily on country reports, and the substantial evidence test does not allow [this Court] to reweigh . . . from scratch the importance to be placed on" a country report. *Djonda*, 514 F.3d at 1175 (internal quotation marks and citation omitted).

As an initial matter, Collins notes that the 2008 country report for Liberia indicates that despite the end of the 1999-2003 civil war and the fact that the

government generally respected the human rights of its citizens, significant problems have continued, including mob violence and vigilantism, police abuse, arbitrary arrests, and government corruption. He argues that the information in the country report supports his assertion that he is likely to be targeted if he returns to Liberia. However, we will not consider the 2008 country report because it is not part of the administrative record on appeal. *See* 8 U.S.C. § 1252(b)(4)(A) (noting that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based."). But, we also note that the 2007 country report is part of the administrative record, and it contains a similar recitation of the problems that still plague Liberia.

The record does not compel the conclusion that Collins has a well-founded fear of persecution, because he did not offer evidence to show that his subjective fear of persecution remained reasonable despite the end of Liberia's civil war and the election of a new president. Because Collins has failed to establish eligibility for asylum on the merits, he also necessarily has failed to establish eligibility for withholding of removal. *See Forgue*, 401 F.3d at 288 n.4. For the above-stated reasons, we deny Collins's petition.

**PETITION DENIED.**

9