[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 31, 2011
JOHN LEY
CLERK

No. 11-10287
Non-Argument Calendar
————————————————

Agency No. A095-096-151


NICOLAS A. ESCOTO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(August 31, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Nicolas Escoto, a citizen of El Salvador proceeding *pro se*, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of asylum and withholding of removal, under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). The essence of Escoto's claims for asylum and CAT relief is that his membership in the El Salvador national army during its civil war will mark him for persecution and torture by gangs controlled by rebels he once fought, with the tacit approval of a new national government largely comprising those former rebels.

On appeal, the government argues that we lack jurisdiction to review Escoto's claims of persecution because he failed to exhaust his administrative remedies. Escoto, on the other hand, contends that the BIA's and IJ's decisions with regard to asylum and withholding of removal were unsupported by substantial evidence. He also claims that the BIA and IJ erred by determining that his testimony, which was deemed credible, was insufficient without corroborating evidence to meet his burden. Finally, he contends that the BIA and IJ failed to properly review his claim for CAT relief and that their decisions were unsupported by substantial evidence in this regard. We address each of these arguments in turn, finding that we have jurisdiction but that Escoto's claims fail on the merits.

We lack jurisdiction to review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).[1] In order to properly raise a claim before the BIA, the petitioner must mention the issue and discuss its merits, or at least contest the basis for the IJ's decision. *See Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006). Escoto challenged the IJ's resolution of his persecution-based claims in his Notice of Appeal to the BIA, and contested in his administrative brief the IJ's requirement of corroborating evidence, the thoroughness of the IJ's review of his claim for CAT relief, and the IJ's ultimate denial of CAT relief. Therefore, we have jurisdiction to review all of the claims Escoto raises in the instant petition. *Cf. Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008) (finding "hyper-technical[]" exhaustion arguments unavailing).

However, Escoto's three main arguments on the merits are unavailing.

First, substantial evidence supports the BIA's and IJ's decisions to deny asylum and withholding of removal because his testimony fell short of establishing past persecution or a well-founded fear of persecution on account of a

---

[1] We review our subject-matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We lack jurisdiction to review claims that the petitioner failed to raise before the BIA, regardless of whether the BIA addressed them *sua sponte*. *Id.* at 1250-51.

protected ground. *See* INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).[2] We have defined persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (citation and quotation marks omitted). Here, Escoto admitted during his testimony that the rebels—the Farabundo Marti National Liberation Front ("FMLN")—never personally threatened him, that they never harmed him or any of his family members, and that he never even had personal contact with FMLN guerillas. Therefore, Escoto failed to demonstrate harm that was sufficiently extreme to constitute past persecution. Nor has he established a well-founded fear of future persecution given the lack of any evidence that his subjective fear is "objectively reasonable." *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009). To the contrary, the 2008 Country Report stated that there were no reports that the government or its agents had committed any politically motivated killings, and there were no reports

---

[2] We review the BIA's conclusions under the substantial-evidence test, except to the extent that the BIA's decision is based upon a legal determination, in which case review is *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817-18 (11th Cir. 2004). The substantial-evidence test is highly deferential, and the BIA's conclusions will be affirmed if supported by reasonable, substantial, and probative evidence based upon the record as a whole. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted). Under the substantial-evidence test, to reverse the BIA's decision we must find that the record compels a contrary conclusion, not merely that it supports one. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

4

of politically motivated disappearances. Thus, substantial evidence supports the denial of asylum and withholding of removal.

Second, Escoto mischaracterizes the record in arguing that the BIA and IJ erred as a matter of law in findings that Escoto's credible testimony required corroboration to demonstrate a well-founded fear of persecution. It is true that "[i]f an alien's testimony is credible, it *may* be sufficient, without corroboration." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1276-77 (11th Cir. 2009) (citing 8 C.F.R. § 208.13(a)) (emphasis added). However, neither the BIA nor IJ held to the contrary in finding that, *on this record*, Escoto's uncorroborated testimony was insufficient to demonstrate an objectively reasonable fear of persecution—not that testimony alone could *never* be sufficient.

Third and finally, we find no reversible error in the denial of CAT relief. An alien unable to establish for asylum purposes a well-founded fear of future persecution also fails to demonstrate that torture is more likely than not if the relevant asylum and CAT claims are predicated on the same facts, as they are here. *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007). The IJ considered, at length, the evidence that had been presented, discussed each piece of documentary evidence, the relevant testimony and legal standards, and concluded that Escoto had not met his burden to demonstrate entitlement to CAT

relief.  This was sufficient to show that the IJ had properly considered the evidence, *see Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006), and the BIA incorporated the IJ's findings.  Escoto's argument—that the IJ and BIA erred in failing to discuss again for his CAT claim all of the same evidence discussed for the asylum and withholding of removal claims—is meritless.  Therefore, the record demonstrates that the IJ, and by extension the BIA, made adequate findings based on substantial evidence.

Accordingly, we **DENY** Escoto's petition in all respects.

**PETITION DENIED.**