[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11792
_____

Agency No. A070-908-554

HUI WEI ZHENG,

                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____


(May 12, 2015)


Before ED CARNES, Chief Judge, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Hui Wei Zheng petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings.  Zheng moved to reopen his removal proceedings based on his claim that China's country conditions have changed with respect to stricter and coercive enforcement of the country's population control policy.  Zheng contends the BIA abused its discretion by not giving full, reasoned consideration to his evidence of changed country conditions, including the 2009, 2010, and 2013 annual reports from the Congressional-Executive Commission on China (CECC Reports).

We review the denial of a motion to reopen for an abuse of discretion. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).  "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  *Id.* (quotation omitted).

The BIA did not rely on the 2009, 2010, and 2013 CECC Reports submitted by Zheng because the Reports were "incomplete, missing over 200-300 pages each."  The BIA stated it could not "rely on such incomplete reports, as the portion provided may be qualified or otherwise affected by statements made in missing sections of the reports."

First, as to the 2013 CECC Report, the BIA's statement is incorrect.  A review of the record shows that the 2013 CECC Report was filed in its entirety.

2

Second, while it is correct that Zheng filed only excerpts of the 2009 and 2010 CECC Reports, a review of the record shows that Zheng included the portions relevant to his claim.  Zheng included the Table of Contents from both the 2009 and 2010 Reports, and they show that he included the entire sections on Population Planning and Status of Women from both Reports, along with the relevant endnotes.  The exclusion of the 2009, 2010, and 2013 CECC Reports was arbitrary and capricious, and, as such, the BIA abused its discretion by failing to consider all of Zheng's relevant evidence.  *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1258 (11th Cir. 2009) (holding the BIA abused its discretion in denying a motion to reopen when it "overlooked, or, inexplicably discounted" evidence).

Accordingly, we grant Zheng's petition for review and remand the case for further consideration of Zheng's evidence.  We express no opinion on the BIA's treatment of the evidence contained in the CECC Reports on remand.  We decide only the Reports are potentially relevant to his motion to reopen and the Reports were excluded for an erroneous reason.

**PETITION GRANTED.**

3