[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12515
Non-Argument Calendar
_____

Agency No. A055-569-825

TREVAUN LLOYD MOWATT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 7, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Trevaun Mowatt seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings, which was based on his ability to adjust his status after his marriage to a United States citizen.  Specifically, Mowatt argues the BIA abused its discretion by denying his motion as untimely, that equitable tolling is applicable in his case, and the standard enumerated in *In re Velarde-Pacheco*, 23 I&N Dec. 253 (BIA 2002) violates the Administrative Procedure Act.  After review,[1] we deny the petition in part and dismiss in part.

We may review a final order of removal only after an alien has exhausted all administrative remedies available to him.  8 U.S.C. § 1252(d)(1).  This requirement is jurisdictional, and thus, precludes review of a claim that was not presented to the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-50 (11th Cir. 2006).  We lack jurisdiction to review Mowatt's claim for equitable tolling and his argument that *Velarde* violates the APA, because he failed to raise these arguments before the BIA and thus, did not exhaust the claims.  *See id*.

The INA provides an alien may file one motion to reopen removal proceedings, but "the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."  8 U.S.C. § 1229a(c)(7)(A), (C)(i).  This 90-day time limit is subject to specifically enumerated exceptions,

---

[1] We review our subject matter jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  We review the denial of a motion to reopen for an abuse of discretion.  *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).

such as changed conditions arising in the county to which deportation has been ordered, or if the petitioner is a battered spouse, child, or parent.  8 U.S.C. § 1229a(c)(7)(C)(ii), (iv).  The BIA did not abuse its discretion by denying Mowatt's motion to reopen, as the motion was untimely and met none of the statutory exceptions to allow for the untimely filing of a motion.

Accordingly, we deny the petition in part and dismiss in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**