[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13102
Non-Argument Calendar
_____

Agency No. A070-702-984

AIDA NDIAYE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 30, 2018)

Before MARTIN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Aida Ndiaye petitions for review of the Board of Immigration Appeals's denial of her motion to reconsider its denial of her second motion to reopen her removal proceedings.  The BIA denied Ndiaye's motion to reconsider because she failed to identify any error of law or fact in its decision to deny her second motion to reopen as untimely.  After careful review, we dismiss Ndiaye's petition for lack of jurisdiction.

This Court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right."  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  To satisfy the exhaustion requirement, this Court requires that a petitioner raise before the BIA the "core issue" now on appeal.  *See Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008).

In her petition to this Court, Ndiaye argues that the BIA abused its discretion when it denied her motion for reconsideration because under a former version of the Immigration and Nationality Act there was no time limitation for her requested relief.  That is not, however, the issue that Ndiaye presented to the BIA.  There, in her motion to reconsider, Ndiaye acknowledged that her second motion to reopen was untimely, but asserted that an exception applied under the *current* INA.

2

Ndiaye now contends, for the first time, that her motion to reopen was not subject to *any* time limitation under an *older* statutory scheme.  Although both arguments address why her claim should not be time-barred, they rely on different legal principles and statutory regimes and thus do not present the same "core issue."

Accordingly, this Court lacks jurisdiction to consider Ndiaye's petition for review because she failed to exhaust her administrative remedies.

**PETITION DISMISSED.**