[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12196
Non-Argument Calendar
_____

Agency No. A200-617-099

RAMIRO BERNARDO GOMEZ-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 10, 2020)

Before BRANCH, GRANT and BLACK, Circuit Judges.

PER CURIAM:

Ramiro Gomez-Lopez seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen on the basis that his notice to appear (NTA) was deficient and, therefore, the immigration court lacked jurisdiction over his removal proceedings.  After review,[1] we deny the petition for review.

Under 8 U.S.C. § 1229(a)(1), an alien in removal proceedings must be provided with an NTA specifying the time or place of the alien's hearing.  8 U.S.C. § 1229(a)(1)(G)(i).  An NTA that does not specify the time and place of the hearing does not comport with 8 U.S.C. § 1229(a) and consequently is not an NTA under § 1229(a).  *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018).  We recently clarified that 8 U.S.C. § 1229(a) and related agency regulations set out a claim-processing rule, as opposed to a jurisdictional rule.  *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1150 (11th Cir. 2019).  Because the rule is not jurisdictional, its violation does not deprive immigration courts of jurisdiction.  *Id*.

The district court did not abuse its discretion because Gomez-Lopez's claim is foreclosed by our holding in *Perez-Sanchez* that statutorily deficient notices to appear do not deprive immigration courts of jurisdiction.  *See Perez-Sanchez*, 935 F.3d at 1150.  Accordingly, we deny the petition for review.

**PETITION DENIED.**

---

[1] The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).