[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13200
Non-Argument Calendar

_____

Agency No. A071-893-130

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2011
JOHN LEY
CLERK

RICARDO ARMANDO LIRA-CARRILLO,
PATRICIA LIRA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 31, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ricardo Lira-Carrillo,[1] a native and citizen of Peru, seeks review of the Board of Immigration Appeals's ("BIA") single-member decision denying his motion to reconsider the BIA's denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1229a(c)(6), and 1231, 8 C.F.R. § 208.16(c).[2]

Lira-Carrillo was admitted to the United States in April 1991 and authorized to remain until October 18, 1991. In 1992, Lira-Carillo filed with the former Immigration and Naturalization Service ("INS") applications for asylum, withholding of removal, and CAT protection, which were denied in 1998. The Department of Homeland Security then commenced removal proceedings against Lira-Carrillo by serving him with a Notice to Appear. Lira-Carrillo argued before the IJ that he had a well-founded fear of future persecution on account of his

---

[1] We dismiss the petition for review to the extent that it pertains to Lira-Carrillo's wife, Patricia Lira, because Lira-Carrillo failed exhaust before the BIA his wife's entitlement to relief. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006).

[2] Because Lira-Carrillo's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (1996), apply.

2

membership in a social group of well-known Peruvian athletes.[3]  The IJ denied his

applications for asylum, withholding of removal and CAT relief, and the BIA

affirmed.  Lira-Carrillo did not appeal the BIA's final decision.  Instead, he moved

for reconsideration of the BIA's decision.  The BIA denied Lira-Carrillo's motion

for reconsideration and this appeal followed.[4]

We review the BIA's denial of a motion to reconsider for an abuse of

discretion.  *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1342 (11th Cir. 2003).

"Our review is limited to determining whether there has been an exercise of

administrative discretion and whether the matter of exercise has been arbitrary or

capricious."  *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir.

2008) (quotation omitted).  A motion to reconsider "shall specify the errors of law

---

[3] In the statement attached to his asylum application, Lira-Carrillo asserted that he had achieved great success and become "very well known" in the late 1970s and the 1980s as a member of the Peruvian men's volleyball team and as an assistant coach for the women's national volleyball team.

[4] Lira-Carillo also appeals the denial of his motion to reconsider the BIA's decision that he is not eligible for a process referred to as "repapering," whereby the Attorney General may, in his discretion, terminate exclusion or deportation proceedings and reinitiate the proceedings as removal proceedings, so that the alien may apply for cancellation of removal.  *See* section 309(c)(3) of IIRIRA; *see also* section 203(a)(1) of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, § 203(a)(1), 111 Stat. 2160, 2196 (1997), amended by Pub. L. No. 105-139, 111 Stat. 2644 (1997).  Lira-Carrillo, however, is already in removal proceedings, and was placed in removal proceedings after the effective date of IIRIRA.  Accordingly, the BIA did not err in holding that he was ineligible for the "repapering" process.  In addition, to the extent Lira-Carrillo challenges the INS's initial decision to institute removal rather than deportation proceedings, we lack jurisdiction to review that decision because it is committed to the discretion of the agency.  INA § 242(g), 8 U.S.C. § 1252(g).

or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "However, a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation and alteration omitted). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute specifying errors of fact or law as required for a successful motion to reconsider." *Id.* (quotation and ellipsis omitted).

In his motion for reconsideration, Lira-Carrillo contended that the BIA erred in determining that he did not demonstrate past, or a well-founded future fear of persecution, and thus erred in denying his applications for asylum and withholding of removal. However, he failed to articulate any cognizable error of law or fact related to the BIA's finding. Instead, he simply reiterated the arguments he had raised initially before the BIA. We therefore find that the BIA did not abuse its discretion in denying Lira-Carrillo's motion for reconsideration as it pertained to his application for asylum and withholding of removal.

For the foregoing reasons, Lira-Carrillo's petition for review is dismissed in part, and denied in part.

**DISMISSED** in part; **DENIED** in part.