[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12582
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2012
JOHN LEY
CLERK

Agency No. A079-084-055

MEHTO CIKA, et al.,

                                                          Petitioner,

                              versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 19, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Mehto Cika ("Cika"), a native and citizen of Albania, appeals the Board of Immigration Appeals's ("BIA") order denying his motion to reconsider its earlier order affirming the Immigration Judge's ("IJ") denial of his application for asylum, 8 U.S.C. § 1158(a); withholding of removal, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).[1] In his petition for review, Cika argues that the BIA abused its discretion by denying his motion to reconsider. After a thorough review of the record, we deny the petition.

On November 6, 2000, Cika and his family attempted to enter the United States using fraudulent entry documents. The former Immigration and Naturalization Service (INS) issued notices to appear, charging them as removable. In December 2001, Cika filed an application for asylum, withholding of removal, and CAT relief, alleging that he had been persecuted based on his political opinion.

---

[1] Cika's wife and two children were included as derivative applicants on Cika's application.

Following a hearing, at which Cika testified, the IJ denied relief. Specifically, the IJ stated that Cika lacked credibility due to inconsistencies between the information in the asylum application and Cika's testimony. The IJ further noted that Cika had submitted a fraudulent party membership card in support of his allegations of persecution.

On appeal to the BIA, Cika challenged the IJ's adverse credibility finding. The BIA dismissed the appeal, concluding that there was no error in the IJ's credibility findings. Cika filed a motion to reconsider, alleging that the BIA made a legal error and overlooked highly relevant facts about his persecution claims. The BIA denied the motion, finding no legal or factual error in its previous decision. Cika now petitions this court for review.

We review "the BIA's denial of a motion to reconsider for abuse of discretion." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). Under the abuse-of-discretion standard, our review "is limited to determining whether there has been an exercise of administrative discretion and whether the [manner] of exercise has been arbitrary or capricious." *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008) (quotation omitted).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by

3

pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider that "merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle*, 504 F.3d at 1329 (quotation omitted). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Id.* (quoting 8 C.F.R. § 1003.2(b)(1)).

Here, the BIA did not abuse its discretion when it denied Cika's motion to reconsider. The BIA noted inconsistencies between Cika's testimony, his asylum application, and his supporting documents. Moreover, Cika's submission of counterfeit documents to establish his membership in a political party was a sufficient basis for the IJ and BIA to discredit his testimony. *In re O- D-*, 21 I. & N. Dec. 1079, 1083 (BIA 1998). Therefore, based on the record, the BIA's decision was neither arbitrary nor capricious. *Montano Cisneros*, 514 F.3d at 1226. Accordingly, we deny the petition for review.

**PETITION DENIED.**