[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10658
Non-Argument Calendar

_____

Agency No. A079-442-966

LILLIAM DE JESUS LARIOS-GARCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 25, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Lilliam De Jesus Larios-Garcia, a citizen of Colombia, seeks review of the Board of Immigration Appeals's ("BIA") decision denying her motion to reconsider its prior decision not to reopen her removal proceedings. The BIA denied Larios-Garcia's motion as both a motion to reconsider and as an untimely, numerically-barred second motion to reopen. In denying her motion as a motion to reconsider, the BIA found that she had not identified any error of fact or law in its prior decision. In denying her motion as a second motion to reopen, the BIA determined that Larios-Garcia failed to provide sufficient evidence establishing a change in country conditions in Colombia, as needed to excuse the time and number limitations.

Larios-Garcia raises several arguments in support of her petition. First, she argues that the BIA abused its discretion by denying her motion, because evidence of her family members' murders in Colombia, several news articles describing those murders, and the Department of State's 2010 Human Rights Report for Colombia, clearly demonstrate an escalation of attacks against her family, tantamount to changed country conditions. She further asserts that she established a fear of persecution based on her membership in a particular social group, specifically, siblings who are being exterminated by FARC guerrillas for a debt owed to them. Second, Larios-Garcia argues that the BIA erred by failing to

2

consider whether she was eligible for humanitarian asylum, and she requests us to remand to the BIA so that it may make that determination. For the following reasons, we deny her petition.

## I.

We review "the BIA's denial of a motion to reconsider for abuse of discretion." *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008). Under the abuse-of-discretion standard, our review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (quotation omitted).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see also* INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider that merely restates arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Id.* (quoting 8 C.F.R. §1003.2(b)(1)).

3

We review the denial of a motion to reopen removal proceedings for an abuse of discretion.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  Judicial review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  *Id.*  Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (quotation omitted).

An alien who is subject to an *in absentia* order of removal and wishes to have the order rescinded may file only one motion to reopen.  8 C.F.R. § 1003.23(b)(4)(ii).  The motion to reopen must either: (1) be filed within 180 days after the date of the order of removal and demonstrate that the failure to appear was because of exceptional circumstances beyond the alien's control; or (2) be filed at any time and demonstrate that the alien did not receive notice of removal proceedings.  *See id.*  Nevertheless, these requirements are inapplicable if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at

4

the previous proceeding."  INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  An alien cannot circumvent the requirement to show changed country conditions by demonstrating only a change in personal circumstances.  *Zhang v. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

Additionally, the evidence in a motion to reopen must set forth a *prima facie* case for asylum or withholding removal.  *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374-75 (11th Cir. 2007) (observing that the BIA may deny a motion for failure to present a *prima facie* case).  To successfully prove eligibility for asylum, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." INA § 208(b)(1)(B)(I); 8 U.S.C. § 1158(b)(1)(B)(I).

Here, the BIA did not abuse its discretion by denying Larios-Garcia's motion, construed as a motion to reconsider its prior decision denying her motion to reopen, because she failed to identify any specific error of fact or law in that prior decision.  8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C).

In addition, the BIA did not abuse its discretion by denying her motion, construed as a motion to reopen, because she failed to establish material, changed circumstances in country conditions that excuse the time and number-bar.  INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

5

First, the 2010 Human Rights Report for Colombia demonstrated that conditions in the country have not gotten worse. In addition, although Larios-Garcia argues that the recent murders of her brother and sister-in-law demonstrate escalating, material violence by guerrillas in Colombia, and that all of her siblings' murders were related to a debt owed to FARC guerrillas, the record does not support those assertions. Rather, the record indicates that although her brother and sister-in-law's deaths were related to payment of a debt, there is no evidence that the debt was owed to FARC, other guerrilla forces, or any type of cartel. In addition, Larios-Garcia failed to explain why she previously asserted that her two oldest brothers were killed because they refused to join the guerrilla forces, but now, she believes that they were murdered because of a debt owed to a cartel. At most, Larios-Garcia has established only a change in personal circumstances, which is insufficient to show a change in country conditions.

## II.

We review our own subject matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). Thus, we lack jurisdiction to review claims that the petitioner failed to raise before the

6

BIA, regardless of whether the BIA addressed them *sua sponte*. *Amaya-Artunduaga*, 463 F.3d at 1250-51. In order to properly raise a claim before the BIA, the petitioner must mention the issue in her brief and must discuss its merits, or at least contest the basis for the IJ's decision. *See Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006).

Within broad limits, the law entrusts the BIA to make basic asylum decisions, and appellate courts should not make asylum decisions on their own, absent a determination by the BIA. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 355, 154 L.Ed.2d 272 (2002). In *Orlando Ventura*, the Supreme Court held that the Ninth Circuit erred by considering an asylum issue *de novo*, rather than remanding the issue to the BIA for additional fact-finding and explanation. *Id.* at 17, 123 S.Ct. at 256. In such circumstances, an appellate court should follow the "ordinary 'remand' rule" and "remand to the agency for additional investigation or explanation." *Id.* at 16-18, 123 S.Ct. at 355-56 (citation omitted). In *Orlando Ventura* and later cases, however, this rule has been applied only when the BIA failed to consider an issue that was properly presented to it. *See, e.g.*, *Calle*, 504 F.3d 1329-30.

Here, even though Larios-Garcia quoted the standard for humanitarian relief in her appeal to the BIA, she did not discuss it further. Thus, she did not exhaust

7

her humanitarian-asylum claim before the BIA, and we lack jurisdiction to consider it. *Amaya-Artunduaga*, 463 F.3d at 1250-51. Furthermore, because Larios-Garcia did not sufficiently raise the issue to the BIA, the agency did not abuse its discretion by not addressing it, and this Court need not remand the case under the "ordinary remand rule." *See Calle*, 504 F.3d at 1329.

In any event, even if Larios-Garcia did sufficiently raise her humanitarian-asylum claim, the BIA did not abuse its discretion by not addressing it. As discussed above, the BIA properly determined that her motion to reopen removal proceedings was time- and number-barred, and that she did not establish changed country conditions sufficient to excuse those limitations. As such, the time- and number-bar prevented the BIA from addressing her humanitarian-asylum claim.

Upon review of the record and consideration of the parties' briefs, we deny the petition.

**PETITION DENIED.**