[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10858
Non-Argument Calendar

_____

Agency No. A079-415-530

PATRICE ODINGA MAISON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 31, 2012)

Before DUBINA, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Patrice Odinga Maison, a native and citizen of Guyana, seeks review of the

Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum, pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). On review, Maison argues that (1) the BIA's and IJ's adverse-credibility determination cannot be supported by substantial evidence, (2) the BIA and IJ erred in finding that a July 1999 incident, when Maison was attacked in Guyana, did not amount to past persecution, (3) the IJ erred by failing to consider that the "on account of" prong was satisfied based on imputed political opinion, and (4) he established a well-founded fear of future persecution. The government responds that Maison failed to exhaust these claims.

As an initial matter, although Maison applied for CAT relief and raised this issue in his brief before the BIA, he did not raise this claim before us on review. Accordingly, the issue is abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (when an appellant fails to offer argument on an issue, that issue is abandoned).

## I. Exhaustion

We review jurisdictional questions *de novo*. *Amaya-Artunduaga v. U.S.*

2

*Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  We may review a final order of removal only if the alien has exhausted all administrative remedies available to him as a matter of right. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA.  *Amaya-Artunduaga*, 463 F.3d at 1249-50.

In order to properly raise a claim before the BIA, the petitioner must mention the issue and discuss its merits, or at least contest the basis for the IJ's decision.  *See Alim v. Gonzales*, 446 F.3d 1239, 1254 (11th Cir. 2006) (holding that, when a claim was mentioned in a petitioner's brief to the BIA and was specifically requested as relief, it was properly exhausted); *see also Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008) (holding that exhaustion requires only that the petitioner argued the core issue before the BIA, the petitioner need not have engaged the IJ's reasons for denying relief, and "hyper-technical[]" jurisdictional arguments from the government regarding the exhaustion requirement were unavailing).

Maison exhausted his claims regarding the adverse-credibility determination, past persecution, and a well-founded fear of future persecution.  He asserted his claims regarding the adverse-credibility finding and a well-founded fear of future persecution in his brief to the BIA by raising the core issue.

3

*Montano Cisneros*, 514 F.3d at 1228 n.3.  Moreover, Maison contested the IJ's resolution of his past-persecution claim in his Notice of Appeal to the BIA, which was sufficient to exhaust this claim.  *Alim*, 446 F.3d at 1253-54; *Montano Cisneros*, 514 F.3d at 1228 n.3 (rejecting the government's "hyper-technical" jurisdictional requirements regarding administrative exhaustion requirements).

Maison, however, failed to exhaust his claim that the "on account of" prong was satisfied on the basis of imputed political opinion because this claim was not raised before the BIA.  Accordingly, we dismiss Maison's claim based on imputed political opinion, but address the other claims.

## II. Adverse-Credibility Finding

Maison argues that the record does not contain substantial evidence to support the BIA's adverse-credibility determination based on the BIA's findings that (1) his father's declaration about the July 1999 incident contradicted Maison's testimony that he was alone when he was attacked, and (2) it was "implausible" that his father, a journalist and opposition reporter, did not write an article in the newspaper regarding the July 1999 attack on Maison.  Further, the contradiction from the credible-fear interview regarding whether Maison had a brother should not, by itself, sustain an adverse-credibility finding because giving false information to immigration authorities to avoid deportation can be consistent with

4

a fear of persecution.

We review credibility determinations under the substantial-evidence test. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006).  The trier of fact determines credibility, and we may not substitute our judgment for that of the BIA with respect to credibility findings.  *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).  We view the evidence in the light most favorable to the Agency's decision and draw all reasonable inferences in favor of that decision. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).  In fact, we will reverse the IJ's credibility findings "only if the evidence compels a reasonable fact finder to find otherwise."  *Chen*, 463 F.3d at 1231 (internal quotation marks omitted).

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  "Insofar as the Board adopts the IJ's reasoning, [this Court] review[s] the IJ's decision as well."  *Id.*  Thus, to the extent that the BIA agreed with the IJ's reasons for its adverse-credibility determination, we review both the BIA's and IJ's decisions.  *See id.*

An applicant for asylum must meet the INA's definition of a refugee.  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  The definition of "refugee" includes:

5

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  Thus, in order to meet the definition of a refugee, the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (citing 8 C.F.R. § 208.13(a)).

Under the REAL ID Act of 2005, credibility determinations are based upon the totality of the circumstances, which may include inaccuracies or falsehoods that do not go to the "heart of the applicant's claim." *See* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).  An applicant must establish eligibility for relief from removal by offering credible, direct, and specific evidence. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).  We have held that the BIA may base an adverse-credibility determination upon credible-fear interviews. *See, e.g., Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1049-52 (11th Cir. 2009) (upholding BIA's adverse-credibility finding based upon inconsistencies in applicant's

6

testimony and his credible-fear interviews).  We have also held that the resulting credibility finding must be supported by the record rather than "personal perceptions" or speculation and conjecture.  *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1278 (11th Cir. 2009).

As an initial matter, the BIA declined to address any of Maison's arguments relating to the merits of his persecution claims in light of its credibility determination.  ("Counsel has not established that the credibility finding contains clear error . . . .  Consequently, the respondent is not eligible for asylum or withholding of removal.").  Accordingly, his arguments on appeal as to whether he demonstrated past or a well-founded fear of future persecution, are outside the scope of our review and will not be addressed.  *See Chen*, 463 F.3d at 1231 n.4 (refusing to address the merits of a persecution claim because the IJ's decision was based on an adverse-credibility determination).

In this case, substantial evidence supports the BIA's adverse-credibility determination. Specifically, the BIA found no clear error in the adverse-credibility determination based on the following findings by the IJ: (1) a discrepancy between Maison's testimony and his father's declaration regarding who was present during the July 1999 attack, (2) a discrepancy between Maison's statement in the credible-fear interview that he had a brother and his testimony before the IJ that he

had a sister and not a brother, and (3) the implausibility that his father did not write a newspaper article, when he was a reporter, about the July 1999 attack.

As to Maison's claim regarding his father's declaration, the record supports the inconsistency because both parties agreed that the declaration stated that Maison's father was present when Maison was attacked, whereas Maison testified that he was alone. The record also supports the BIA's finding that there was a discrepancy between Maison's statement in the credible-fear interview that he had a brother who left Guyana in fear and fled to Trinidad, and his testimony before the IJ that he had a sister, still living in Guyana, and not a brother. To the extent that the BIA's and IJ's finding with regard to the newspaper article is speculative, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1199 (11th Cir. 2009) (internal quotation marks omitted). As a whole, substantial evidence supports the BIA's and IJ's adverse-credibility determination because the record supports both the discrepancy between Maison's testimony and his father's declaration, and the inconsistency between Maison's testimony during his credible-fear interview and his testimony before the IJ. Therefore, Maison did not meet his burden of showing that the record compels reversal of the adverse-credibility determination. *See Chen*, 463 F.3d at 1231.

8

After reviewing the entire record, and after consideration of the parties'

appellate briefs, we dismiss in part, and deny in part, the petition for review.

**PETITION DISMISSED IN PART, DENIED IN PART.**