[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13276
Non-Argument Calendar
_____

Agency No. A087-403-495

MIHAI TANJALA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 23, 2016)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Mihai Tanjala, a native and citizen of Romania, petitions this Court for review of the Board of Immigration Appeals' dismissal of his appeal. The petition seeks review of the BIA's dismissal of Mr. Tanjala's appeal from the Immigration Judge's denial of his untimely motion to reopen and reconsider a prior decision granting voluntary departure after he was notified that he was removable for committing a crime involving moral turpitude. Mr. Tanjala argues that his motion was timely filed and that we should remand to the BIA to reinstate his voluntary departure. He also asserts that he did not commit the crime that subjected him to removal and that he qualified for relief based on his political opinion and membership in a particular social group. Additionally, Mr. Tanjala argues that the IJ did not properly weigh the evidence. After careful review, we deny the petition for review.

We review the BIA's denial of a motion to reconsider or a motion to reopen for abuse of discretion. *See Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007); *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Under this standard, "our review is limited to determining whether an exercise of administrative discretion occurred and whether it was arbitrary or capricious." *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008). An IJ does not need to discuss every piece of evidence before him, but is required to

2

consider the evidence submitted.  *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1376 (11th Cir. 2006).

Generally, only one motion to reconsider is allowed, and it must be filed within 30 days of the entry of the removal order.  *See* INA § 240(c)(6)(A), (B), 8 U.S.C. § 1229a(c)(6)(A), (B).  Additionally, subject to certain exceptions, a party may only file one motion to reopen removal proceedings, and that motion "shall be filed within 90 days of the date of entry of a final administrative order of removal." *See* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(6)(C).  There is no time limit, however, where the motion to reopen is to file for asylum and is based on changed country conditions, if such information was not available and would not have been known at the previous hearing.  *See* INA 240(c)(7)(C)(ii), 8 U.S.C. 1229a(c)(7)(C)(ii).

For several reasons, the BIA did not abuse its discretion in dismissing Mr. Tanjala's appeal of the IJ's denial of his motion to reopen and reconsider.  First, the motion was untimely, as it was filed after the 30-day time period for motions to reconsider and after the 90-day period for motions to reopen.  Second, Mr. Tanjala did not establish changed country conditions; he merely reiterated general facts about corruption in Romania.  The record indicates that the IJ considered the evidence submitted, and so we find unavailing Mr. Tanjala's argument that the IJ did not properly weigh the evidence.  Finally, Mr. Tanjala's arguments on appeal

are insufficient to warrant a remand to the BIA because those arguments were previously presented; therefore, the BIA's decision was not arbitrary or capricious.

For the foregoing reasons, we deny the petition.

**PETITION DENIED.**