[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11234
Non-Argument Calendar
_____

Agency No. A206-838-227

MARIA HERNANDEZ-GUEVARA, et al.,

Petitioners,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 8, 2020)

Before MARCUS, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Hernandez-Guevara and her son seek review of the Board of Immigration Appeals' (BIA) final order adopting and affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). The agency denied relief, in part, because Hernandez-Guevara did not allege a cognizable particular social group under the Immigration and Nationality Act (INA), and because she did not establish the necessary likelihood of torture by the Honduran government or with its acquiescence. We affirm the BIA's and IJ's decisions and deny Hernandez-Guevara's petition.

## I. ASYLUM AND WITHHOLDING OF REMOVAL

To start, Hernandez-Guevara did not abandon her opportunity to challenge the BIA's determinations regarding asylum and withholding of removal. We will consider Hernandez-Guevara's arguments because she adequately identified the issues and relevant arguments in her brief. *See Cole v. U.S. Att'y. Gen.*, 712 F.3d 517, 530–31 (11th Cir. 2013). Despite the dearth of citations to the record and applicable law, she sufficiently developed her arguments—certainly making more than "passing references" to the core issues—to avoid abandonment or waiver. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).

2

We review only the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA adopted the IJ's decision here, we review both decisions. *See id.*

Hernandez-Guevara seeks asylum as a refugee. She has the burden of proving statutory "refugee" status. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). To establish refugee status, an applicant must prove "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

At issue here, first, is whether Hernandez-Guevara asserted a cognizable "particular social group," a question of law that we review de novo. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (per curiam). While the INA does not define "particular social group," we have applied *Chevron* deference to the BIA's formulation of the criteria that must be satisfied. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1196–97 (11th Cir. 2006). A "particular social group" is "a group of persons all of whom share a common, immutable characteristic." *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1308–09 (11th Cir. 2019) (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA

3

1987)).  The characteristic must be unchangeable or fundamental to individual identities or consciences.  *Id.* at 1309.  The group must be socially distinct within the relevant society and defined with particularity, not overbroadly or amorphously.  *Id.*  The common characteristic must be something other than the risk of being persecuted.  *See Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1310 (11th Cir. 2013) (per curiam); *see also Matter of E-A-G-*, 24 I. & N. Dec. 591, 594–95 (BIA 2008) (finding that people who resist joining gangs are not part of a socially distinct group within Honduran society).

Here, the IJ and BIA properly found that Hernandez-Guevara's asserted social group—Honduran women who have been victimized by the Mara 18 for opposition to their acts—did not constitute a particular social group under the INA. For one, Hernandez-Guevara provides no evidence suggesting that the group is recognized as distinct in Honduran society.  *See Perez-Zenteno*, 913 F.3d at 1309. Further, her group is amorphous and lacks particularity.  *See id.*  Women of all ages and backgrounds could be members.  And only the human imagination limits potential forms of victimization, making definition impossible.  The same is true for forms of opposition.  Beyond that, the group is defined by the alleged persecution, which cannot create a particular social group.  *See Rodriguez*, 735 F.3d at 1310.  Therefore, we agree with the IJ and BIA; Hernandez-Guevara's asserted group is not cognizable.

4

Because the IJ and BIA properly held that Hernandez-Guevara's alleged group is not cognizable, we need not address her challenge to the factual findings that she failed to show past persecution or a well-founded fear of future persecution.  Also, because Hernandez-Guevara cannot show a particular social group for asylum, she likewise cannot show one for purposes of proving withholding of removal.  *See* INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).  Accordingly, the IJ and BIA did not err in denying Hernandez-Guevara's asylum and withholding of removal claims.

## II. CAT

Turning to Hernandez-Guevara's CAT relief claim, we must address the government's argument that we lack jurisdiction because she failed to exhaust her administrative remedies.  We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to [her] as of right."  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  The exhaustion requirement is jurisdictional and precludes review of a claim not presented to the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  To exhaust an issue, all we require is that the party raise before the BIA the "core issue" now on appeal, not the specific reasons the IJ gave for denying relief.  *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008).  A petitioner need not have used "precise legal terminology" or provided the BIA with "a well-developed

5

argument," so long as she gave the BIA sufficient information to allow it to review and correct any errors. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (alteration accepted). "This is not a stringent requirement." *Id.*

Here, Hernandez-Guevara exhausted her administrative remedies. In her brief to the BIA, she raised the "core issue" of the IJ's denial of her CAT claim. *See Montano Cisneros*, 514 F.3d at 1228 n.3. She provided a legal standard evoking torture and the more-likely-than-not standard, argued that the IJ erred in weighing the evidence, and stated that she had established that she would more likely than not be tortured upon return to Honduras. Indeed, the BIA then addressed these arguments in its decision. Though her arguments were not necessarily well developed, she gave the BIA sufficient information to allow it to review and correct errors as to the weighing of the evidence. *See Indrawati*, 779 F.3d at 1297.

Turning to the merits, we uphold a denial of CAT relief if it is supported by substantial evidence; the record must compel reversal. *See Alim v. Gonzales*, 446 F.3d 1239, 1254–55, 1257 (11th Cir. 2006). The applicant bears the burden of proving that it is more likely than not that she would be tortured if removed to the proposed country of removal. *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004); 8 C.F.R. § 208.16(c)(2). To qualify as torture, the requisite pain and suffering must be "inflicted by or at the instigation of or with the consent

or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).  Acquiescence requires that the government, prior to the activity constituting torture, be aware of such activity and fail to intervene. *Reyes-Sanchez*, 369 F.3d at 1242.

Hernandez-Guevara argues that, if she returns to Honduras, it is more likely than not that she will be killed or kidnapped by the Mara 18 with the government's acquiescence because the gang's crimes are a normal occurrence and the police do not protect citizens from the gang.  Though some record evidence may support a contrary conclusion, the record does not compel us to find that Hernandez-Guevara would more likely than not suffer torture by the Honduran government or with its acquiescence.  *See Alim*, 446 F.3d at 1254–55.  The Honduran constitution and laws prohibit government torture, and the government formed a commission to address the problem of persons displaced by violence and gang activity.  More specifically to Hernandez-Guevara, the police responded to the report her family filed concerning the incident where the Mara 18 tied and beat her and her grandparents and shot her cousin.  Thus, substantial evidence supports the IJ's and BIA's denial of Hernandez-Guevara's claim for CAT relief.

**PETITION DENIED.**